# N. & E. BOUKOFSKY, *Appellant, v.* MICHAEL POWERS, *Respondent.*

PRACTICE.—Where a party stands by a pleading to which a demurrer has been sustained, no exception is required, and the action of the Court on the demurrer can be reviewed without a statement on appeal. *Ante* Zeile *v.* Moritz.

NEW PROMISE.—An account was dated in 1872. On July 31st, 1872, the Defendant wrote a letter to Plaintiff, saying: "I shall express to you this day $100, etc., hoping you will accept it in part payment of my debt. I shall as quick as possible forward the balance;" *held*, clearly an acknowledgment, and a new promise.

LIMITATION ON NEW PROMISE.—The acknowledgment and new promise is a new contract, notwithstanding it was made before the statute had run against the original account, and the new promise being in writing a right of action thereon is not barred under four years.

APPEAL from the Second District Court.

The facts appear in the Opinion.

*Robertson & McBride,* for Appellants.

*Hoge & Jonasson,* for Respondent.

BOREMAN, J., delivered the Opinion of the Court:

The Plaintiffs held an account against the Defendant for merchandise. It had run two years before suit was brought, but Plaintiffs allege in the complaint by reason of a new promise in writing made by the Defendant the bar of the statute of limitations was removed. The Defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, because the action did not accrue within two years. The demurrer was sustained, and Plaintiffs electing to stand on their complaint, the Court gave judgment for Defendant. Thereupon Plaintiffs bring the cause to this Court. It is urged here that this Court cannot consider the order sustaining the demurrer, as it is not brought up in a statement, and is no part of the judgment roll. Whatever might be our view upon the merits of the objection, we deem the point already settled by this Court in a decision at a former term. It is likewise settled in California in Smith *v.* Lawrence, 38 Cal. 28. We accordingly conclude that the order sustaining the demurrer being the basis and part of the judgment and embraced therein, can be considered on this appeal.

Then let us consider whether this action is barred by the statute of limitation. The statute says that to remove the bar, the acknowledgment or promise must be in writing signed by the party to be charged. The account was dated in 1872. Afterwards, on July 31st, 1872, the Defendant wrote to Plaintiffs, saying : " I shall express to you this day through Wells, Fargo & Co. ($100.00) one hundred dollars, hoping you will accept it in *part payment of my debt. I shall as quick as possible forward the balance.*" Certainly no stronger language could have been used to give an acknowledgment, and to create a new promise. But it is urged that if this language include the acknowledgment and

promise, yet as it was written before the statute had run, it only continued the account to the date of the writing, and that even then it is barred, as two years had run from the date of the writing before action was brought. It is true that the statute runs only from the date of the acknowledgment and promise. But this promise is not the old one—it is a new promise—and the generally received doctrine now is that this acknowledgment and new promise is a new contract, and being a new contract in writing, it is controlled by that clause of the statute which applies to written contracts, and is not therefore barred under four years. We believe this to be a correct view of the law, and hence the demurrer should not have been sustained.

The judgment of the Court below is reversed with costs, and the cause remanded to be proceeded in in accordance with this Opinion.

Schaeffer, C. J., and Emerson, J., concurred.