E. & H. T. Anthony & Co. v. C. R. Savage.

E. & H. T. ANTHONY & CO., Respondents, *v.* C. R. SAVAGE, Appellant.

1. Two Counts on Same Cause of Action.—Where a complaint contains two counts, based upon the same cause of action, plaintiff will be compelled, on motion, to elect upon which he will proceed.

2. Open Account—Limitation of, etc.—The statute of limitations commences to run from the date of each transaction in an open account, and not from the date of the last entry. In mutual accounts the rule is different, for in such case the statute runs from the date of the last entry.

3. Stated Account—Limitations on.—The mere stating of an account between the parties does not take the case out of the statute of limitations, unless such stated account be in writing and signed by the party sought to be charged.

4. New Promise—Action on.—Where an account is barred by the statute of limitations, it is still a sufficient consideration for a new promise, and if such new promise be made, the action must be upon such promise, and not upon the original cause of action.

Appeal from the Third Judicial District Court.

The complaint contained two counts, both for the same cause of action. The first count was for a balance of account for money paid, and the second on an alleged account stated.

The trial developed the fact that both counts were for an indebtedness created prior to 1870, and which had from time to time been reduced by cash payments, leaving due two unpaid acceptances in the fall of 1870. The defendant, being indebted to plaintiffs in a large amount, gave them several acceptances in settlement of the account. Defendant not paying all the acceptances as they fell due, plaintiffs took them up and charged them on their books to defendant, and at the same time credited defendant with whatever moneys he had paid in the premises. This mode of keeping the books, it was claimed, avoided the effect of the statute of limitations which defendant had promptly pleaded.

The other facts are stated in the opinions of the court.

*Hoge & Jonnassen*, for appellant.

The affidavits of C. R. Savage and G. M. Ottinger, against whom the suit was brought as partners, and the admission of attorneys for plaintiffs, conclusively show that both counts are for the same indebtedness. This being the case, we claim it is a violation of the well established and sound legal rule of practice under the code. We, therefore, made a motion in the court below to have the plaintiffs elect upon which count in the complaint they would go to trial.

We claim that the court erred in overruling this motion, and cite the following authorities on the point: Pomeroy's Pro. Rem. § 576; *Ford* v. *Mattice*, 14 How. 91; *Dewing* v. *Thomas*, 11 How. 281; *Lockey* v. *Vanderbilt*, 10 How. 159; *Churchill* v. *Churchill*, 9 How. 552; *Murray* v. *Ledli*, 23 Wis. 447; 30 Cal. 199; *Sturgis* v. *Burton*, 8 Ohio, 218; *Ferguson* v. *Gilbert*, 16 Ohio, 91.

Conceding the letter to be such an acknowledgment and promise as is required by the statute, it then becomes a new contract, and the action must be based upon such new contract before it could be admitted in evidence. *Boukofsky* v. *Powers*, 1 Utah, 333; *McCormick* v. *Brown*, 36 Cal. 180; *Chabot* v. *Tucker*, 39 Cal. 434; *Bell* v. *Morrison*, 1 Pet. 357; Angell on Lim. t. p. 222 *et seq.*

The letter shows affirmatively that there was more than one indebtedness, if any, existing, and referred to, therefore neither the court nor jury had the right to apply the letter to the claim set up in the complaint. *Bailey* v. *Crane*, 21 Pick. 324; *Clark* v. *Dutcher*, 9 Cow. 674; 22 Pa. 308; *Bangs* v. *Hall*, 2 Pick. 368; *Bedwell* v. *Rodgers*, 10 Allen, 438; *Baukofsky* v. *Powers*, 1 Utah, 333; *McCormick* v. *Brown*, 36 Cal. 180; *Chambers* v. *Ruberg*, 4 Am. R. 318; *Simonton* v. *Clark*, 6 Am. R. 752; *Chase* v. *Trafford*, account stated, 17 Am. R. 171; *Bell* v. *Morrison*, 1 Pet. 357; *Miller* v. *Daschore*, 24 Am. R. 187; *Pitchard* v. *Howard*, 1 Wis. 118; *Weaver* v. *Weaver*, 4 P. F. Smith, 152.

*Marshall & Royle,* for respondents.

The first point made by appellant is that the overruling the motion to elect on which of the two counts plaintiffs below would rely, was error. On this point we will refer to the following authorities: *Jones* v. *Palmer,* 1 Abb. Pr. 442; *Van Renssellear* v. *Layman,* 10 How. Pr. 505.

The New York code has, in addition to our section 39, the words " without unnecessary repetitions," rendering a stricter rule than our own.

In California, where the statute is precisely similar to ours, we refer to the following: *De Witt* v. *Porter,* 13 Cal. 171; *Buckingham* v. *Waters,* 14 Cal. 147; 1 Estee, 207, § 29; *Leffingwell* v. *Euffling,* 31 Cal. 232.

No statute of limitation can extinguish a debt. The legal and moral obligation to pay remains, and although a debt may be barred by a statute, the original debt is a good and valuable consideration upon which a new promise may be made. The statute, when pleaded in a proper case, and where there is no new promise, destroys the remedy but does not extinguish the debt. Angell on Lim. §§ 208, 213, 231; *Bell* v. *Morrison,* 1 Pet. 362; *McCormick* v. *Brown,* 36 Cal. 184; *Simonton* v. *Clark,* 6 Am. R. 753.

It follows then, from these authorities, and applying them to the case now before the court, that if there was an original indebtedness of Savage & Ottinger, or Savage alone, and that indebtedness was barred by the statute, that debt still remained a legal and moral obligation, which would be a good and valuable consideration for a new promise to pay the same; and if a new promise is insisted on by plaintiffs, and the consideration to support that promise is denied, evidence of the original debt can be properly given although it runs back for many years.

How should such a contract be set up in a pleading? How may plaintiff rightfully declare up on such a contract? We do not deny that plaintiff might have specially pleaded said contract, setting out the terms thereof, even stating the words of

the acknowledgment or new promise. This seems to have been done in the following cases, cited by defendant, to-wit: *Boukofsky* v. *Powers*, 1 Utah, 333; *McCormick* v. *Brown*, 36 Cal. 180; Angell on Lim.

In 1 Pet. 357, an issue was reached under the strict common law system of practice.

We state the rule to be incontrovertibly settled that *indebitatus assumpsit* will lie to recover the stipulated price due on a special contract, not under seal, where the contract has been completely executed, so that only a duty to pay the money remains, and that it is not necessary to declare upon the special contract. *Lane* v. *Adams*, 19 Ill. 167; *Egleston* v. *Buck*, 24 Ill. 262, and cases there cited; *Bank of Columbia* v. *Patterson's Adm'rs*, 7 Cranch, 303; 1 Chitty's Pl. s. p. 342, 348.

That such a practice is sanctioned and maintained by the code practice, see: 1 Estee's Pl. & F. 405, and cases there cited; Pomeroy's Rem. 583, 584, 585; *Cudlip* v. *Whipple*, 1 Abb. Pr. 106; 1 Nash. Pl. & Pr. 122, 123, 124; *Allen* v. *Patterson*, 7 N. Y. 476.

There is no reason why promissory notes may not be framed into an account, or that the statement of an account embracing a number of promissory notes, and the amount due on each, may not be justly considered an account stated.

The giving of a note does not destroy the account for which it was given, and the payee may still sue on the account. 18 Cal. 333.

BOREMAN, J., delivered the opinion of the court:

The complaint contains two counts; the first for a balance due 3d August, 1875, on account for money due and owing from defendant below (appellant here) to the plaintiffs below (respondents here), and the second upon an account stated between the parties on the 7th October, 1874.

The answer denies the indebtedness on the first count, and pleads the statute of limitation (four years) thereto.

The answer also denies that any account was ever stated

between the parties, and denied the alleged promise to pay the amount alleged to have been found due or any other sum.

The cause was submitted to a jury, and verdict had for respondents for the amount claimed, and judgment was given accordingly. Thereupon defendant below appealed to this court.

The two counts were both for the same substance matter, and it is alleged that it was error to allow this, and that appellant's motion to compel respondents to elect upon which count to proceed should have been sustained.

It is not necessary for this court now to decide whether or not there are any cases in which two counts for the same matter may be embraced in one complaint. It is evident that this is not one of those cases.

When we wade through the mass of matter sent in this record, we find if there was any cause of action, it was simply based upon two certain acceptances, or on a new promise taking the debt out of the statute of limitations.

The first count is for a balance of account for money. It is not for the balance due on an open mutual account between the parties, with charges on either side. The proof shows that this balance of account for money was a balance of money due on two certain acceptances, after deducting payments. The entering of the credits does not make the account mutual —showing mutual dealings—so as to require the statute of limitations to run from the last item. *Weattenay* v. *Mill Co.*, 17 Cal. 344; *Norton* v. *Lane*, 30 Cal. 126.

The second count was not necessary. A count upon an account stated could not in this case affect anything. If these acceptances were barred by the statute of limitations, the stating of the account between the parties would not take it out of the statute, unless such stating was " in writing, signed by the party to be charged thereby." *Chase* v. *Trafford*, 116 Mass. 529; s. c., 17 Am. R. 171; C. L. § 1126, p. 369.

The whole question, therefore, reverts back to the acceptances. If these acceptances were barred by the statute of

limitations, suit could not be maintained upon them, but they would be sufficient consideration for a new promise. And if there was a new promise or acknowledgment in writing, signed by the appellant, the action should have been upon the new promise or acknowledgment. *Boukofsky* v. *Powers*, 1 Utah, 333; *McCormick* v. *Brown*, 36 Cal. 180; *Farrell* v. *Palmer*, 36 Cal. 188.

There certainly is no cause of action, either upon the account or upon the account stated.

It is not necessary to notice any other alleged errors.

The action of the court below in giving judgment and overruling the motion for a new trial is reversed and remanded.

EMERSON, J., concurred.

SCHAEFFER, C. J., dissented, but filed no written opinion.