## ANTHONY *v.* SAVAGE.

DEPOSITIONS ONCE TAKEN IN A CAUSE MAY BE READ IN EVIDENCE ON THE TRIAL, THOUGH BY AN AMENDMENT to the pleadings the issues have been changed subsequent to the time of the taking of the depositions, where the subject-matter of the action or defense between the parties remains the same.

INDEBTEDNESS, BILLS OF EXCHANGE AS EVIDENCE OF.—Plaintiffs brought suit against defendant alleging an indebtedness arising upon business transactions and dealings, which defendant subsequently in writing acknowledged and promised to pay. At the trial, plaintiffs offered in evidence bills of exchange drawn by them upon and accepted by defendant, and offered to show that the indebtedness represented by these bills of exchange was the same indebtedness which defendant subsequently promised to pay: *held*, the evidence was admissible as tending to show an indebtedness which was the consideration for the new promise.

APPEAL by the defendant from an order of the third district court sustaining plaintiffs' motion for a new trial. The opinion states the facts.

*Hoge & Jonasson,* and *Arthur Brown,* for the appellant.

*Marshall & Royle,* for the respondents.

TWISS, J.:

This case was commenced in October, 1876. Upon trial the plaintiffs recovered a verdict, and from the judgment thereon the defendant appealed to this court, where the case was reversed and remanded: 2 Utah, 466.

Since then two amended complaints have been filed. The record, including the affidavits, presents a mixture of statement, testimony, objections, and rulings, orders, and excep-

tions thereto, from which it is quite difficult to separate the material points of law at issue from the confused and immaterial mass of matter contained in what is called a "transcript on appeal."

The amended complaint upon which the last trial was had was filed in September, 1880, and contained in substance allegations that on the thirteenth day of October, 1873, the defendant was indebted to the plaintiffs in the sum of two thousand one hundred and twelve dollars and sixty cents upon certain business dealings and transactions between them; that at some time before the tenth day of October, 1874, and subsequent to the thirteenth day of October, 1873, the defendant, in consideration of said indebtedness, in writing acknowledged such indebtedness, and promised to pay the same to the plaintiffs in a reasonable time thereafter; that upon such acknowledgment and promise, the plaintiffs gave and allowed to the defendant until the second day of October, 1876, in which to pay the same, and that defendant has wholly neglected to pay the whole or any part thereof, save and except only the sum of seven hundred and four dollars and twenty cents, and asks judgment for the alleged balance of one thousand four hundred and eight dollars and forty cents.

The defendant in his answer denies that there ever was at any time any business transactions between the plaintiffs and defendant out of which said alleged indebtedness did or could arise; denies the alleged indebtedness on the thirteenth day of October, 1873, and the existence of the said alleged balance of indebtedness or any part thereof; and alleges that said supposed cause of action did not accrue within four years next preceding the commencement of this action.

Under the direction of the court, the jury found a verdict for the defendant; a motion for a new trial was made and sustained, from which order of the court sustaining the motion and granting a new trial appeal is taken to this court.

Upon the trial the plaintiffs offered to read in evidence the depositions of Vincent M. Wilcox and Charles Both, on file in the case, which, it seems, were taken at the instance of the plaintiffs, some time pending the action. The record contains no part of these depositions, and therefore this court

has no knowledge as to their competency as evidence in the case; but they were offered for the purpose of showing the origin and existence of a debt due from the defendant to the plaintiffs, and an acknowledgment of and promise to pay it by the defendant to the plaintiffs, and the identification of it as the debt sued upon. To the reading of which the defendant objected, on the ground that the allegations of the original complaint had by the two amended complaints been so changed that the particular issues of the case at the time made another case, and that the depositions were not taken with reference to the issues as they were at the time of trial.

From the several complaints, offers to introduce testimony, objections thereto, and the arguments of counsel, it is quite clear that the indebtness claimed by the plaintiffs to be due to them from the defendant has all of the time been the same, however it may have been described or claimed to have been evidenced in the original or amended complaints. The allegations of the complaints have been changed to meet and overcome the objections of the defendant, and to conform to the rulings of the court; but the subject-matter of the action has always been an alleged acknowledgment, and promise to pay an alleged indebtedness resulting from or growing out of business transactions between the plaintiffs and the defendant, whether described as an account stated or a promise in writing to pay the debt; in all of the complaints the identity of the cause and original indebtedness have been the same: *Perin* v. *Keene*, 19 Me. 355; *Brackett* v. *Crook*, 24 N. H. 173; *Carroll* v. *Cook*, 8 Serg. & R. 287; *Stetman* v. *Mudgett*, 10 N. H. 338; *Buxton* v. *Edwards*, 134 Mass. 567–571. Therefore the objection to the depositions was not good; as the purpose for which they were offered was material to the issues, such part of them, if any, as would sustain the issues should have been admitted. As the depositions are not before us, we do not undertake to determine that the testimony of the deposing witnesses, or any part thereof, was admissible; we pass only upon the objection raised.

The plaintiffs offered to read in evidence three bills of exchange, dated respectively on the eighteenth of December, 1869, the eighteenth of January, 1870, and eighteenth of February, 1870, each for the sum of seven hundred and four

dollars and twenty cents, drawn by the plaintiffs upon and accepted by Savage & Ottenger, which offer was accompanied with the assertion on their part that they would prove, if permitted, that Savage & Ottenger were at the date of the drawing and acceptance of the bills of exchange partners; that subsequently, in the fall of 1870, they dissolved, and by the terms of dissolution Savage was to pay these bills of exchange; and that the indebtedness evidenced by them was the identical indebtedness which the defendant had promised to pay to the plaintiff, which promise is the basis of this action. This evidence the defendant objected to, and the court sustained the objection.

A debt is a sum of money due from one person or party to another. The offer on the part of the plaintiff to introduce testimony tending to show an indebtedness from Savage to the plaintiffs in 1870, accompanied with an offer to prove that the defendant promised to pay the plaintiffs the identical indebtedness evidenced by these bills of exchange, was an offer to introduce testimony tending directly to sustain the issue on the part of the plaintiff; and the testimony should have been admitted. There are several other assignments of error, but as the foregoing is in our opinion decisive of the case, we express no opinion as to the others.

The order of the court sustaining the motion for a new trial should be and is affirmed.

HUNTER, C. J., and EMERSON, J., concurred.