MAX GRUENBERG, AND OTHERS, RESPONDENTS, *v.* HENRY BUHRING, APPELLANT.

LIMITATIONS OF ACTIONS.—ACKNOWLEDGMENT.—Acknowledgement in writing of an open account already barred, and promise in writing to pay the same, becomes a new promise in writing and will not be barred until four years from date of new promise.

EVIDENCE.—IDENTIFICATION OF SUBJECT OF WRITING.—The evidence showed in an action on account, the original sale being admitted by the pleadings, that such sale was the only dealing of appellant with respondents, and that appellant had written respondents that he would pay them their account, but not stating what acocunt, *held*, that a letter so agreeing to pay sufficiently identified the account.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Mr. P. L. Williams*, for appellant.

The letter is too indefinite to show what it refers to. Even if it does refer to this account, the new promise is barred.

The reading of our statute clearly indicates that the purpose of the legislature was merely to change a rule of evidence to require the acknowledgment or promise to be in writing, which but for this provision, would have precisely the same effect, if made orally.

This has been the declared purpose of this provision, both in the legislatures and by the courts: Angell on Limitations, secs. 270-1-2; Wood on Lim. of Actions, sec. 82-3-4-5; *Dickenson* v. *Hatfield*, 5 Carr. & Payne, 46; Same Case, 24 Eng. Com. Law, 204; *Haydon* v. *Williams*, 7 Bing., 163; Same Case, 20 Eng. Com. Law, 86; *Sigourney* v. *Drury*, 14 Pick., 387; *McCormick* v. *Brown*, 36 Cal., 180.

The only case opposed to the above line of authorities is

*Boukofsky* v. *Powers*, 1 Utah, 333. No case is cited by counsel or court to support the views there announced, and this court should now reverse that decision, as contrary to reason and authority.

*Mr. S. H. Lewis*, for respondents.

BOREMAN, J.:

The plaintiffs, (respondents,) on the twenty-fourth of September, 1887, brought their action against the defendant, (appellant,) alleging that between the first of May, 1884, and the twelfth of March, 1885, they sold and delivered to the defendant goods, wares, and merchandise of the value of $1,186.44; that afterwards, on the fourteenth of March, 1885, in consideration of the foregoing facts, the defendant, in writing signed by him, acknowledged such indebtedness, and promised the plaintiffs, in said writing, that he would pay the same; that the same has not been paid, etc. The defendant answered, denying that he, in writing, acknowledged or promised to pay; and he also set up the statute of limitations, alleging that the cause of action had not arisen or accrued within two years next preceding the filing of the complaint, and that it was barred by subdivision 1, sec. 196, Civil Proc. Act, (Laws 1884, p. 188.) Judgment was given for the plaintiffs; and the defendant having filed his motion for a new trial, which was overruled, he has appealed to this court from the judgment and from the order overruling the motion for a new trial.

Upon the trial, the following letter was introduced in evidence as the writing referred to in the complaint, viz.:

"SALT LAKE, 3—14—85.

"*Messrs. Gruenberg & Co.*—DEAR SIRS: Yours of March 9th at hand, and I will say I intend to do the best I can for you; but, of course, activity in my line handles my business as well as yours. You furnish the liquors and I sell to the best advantage possible. Should trade be slack, don't censure me. I am working my trade as close as any man in this city. When I promised to pay $150 per month, times were lively, but all at once we had a change,—tem-

porarily, I hope. As passenger travel has commenced, we will get down to a permanent summer basis. I will pay you all, and only hope you will not get dissatisfied with me, as my best endeavors are for you, and I do believe I am honest. Do not look for any money this month, as my receipts are small, and, of course I have to pay my license this the first quarter. Hoping this will be satisfactory, I remain          Yours,          HENRY BUHRING.

"P. O. Box 170, Salt Lake."

The defendant contends that this letter is too indefinite to operate as an acknowledgment of the debt sued on. If the letter were the only evidence in the case, this position might possibly be tenable; but the pleadings admit the original transaction, and the testimony of the defendant himself shows that he had no other business transactions with the plaintiffs at that time than the indebtedness mentioned in the complaint; that he corresponded with plaintiffs in regard to that business; that he wrote the letter in question on the fourteenth of March, 1885, and sent the same by mail to the plaintiffs. These facts clear the question of all doubt as to what indebtedness the letter was intended to apply. The defendant contends further that the purpose of the legislature in requiring the acknowledgment or promise to be in writing, was simply to change the rule of evidence from oral proof to proof by a writing; and that the limitation applicable to the original debt was to be the one applicable to the new promise or acknowledgment. Action on the original open account was barred in two years, and an action upon a contract in writing was barred in four years. If the limitation as to the original debt were applicable to the new promise or acknowledgment, the action would be barred in two years; but if the limitation as to instruments in writing be applied, the action would not be barred under four years. The new promise or acknowledgment is the foundation of this action, and it being in writing, should, it seems, be controlled by the statutory limitation as to actions on instruments of writing. Although there has been some difference of opinion, yet we think that the most reasonable rule, and the one best supported by authority, is that the limitation

which bars the action in four years should apply in this case.   *McCornick* v. *Brown*, 36 Cal., 180; *Farrell* v. *Palmer*, Id. 188; *Auzerais* v. *Naglee*,74 Cal., 60; *Boukofsky* v. *Powers*, 1 Utah, 333; *Anthony* v. *Savage*, 2 Utah, 466. This rule has long been considered in this territory as settled, and we should not deem it wise now to disturb it, even if we desired the rule to be different.

The judgment and order of the district court are affirmed.

ZANE, C. J., and HENDERSON, J., concurred.