## DENNETT *v.* HOGAN, WARDEN

No. 72–6449.   Decided October 23, 1973

PER CURIAM.

The petitioner is a disbarred attorney convicted of security fraud.   At his trial the court appointed advisory counsel for him, finding that he qualified as an indigent.   He was convicted.   He later filed with a judge of the Court of Appeals a *pro se* request for extension of time in which to submit his brief on appeal.   This was granted.   But an accompanying inquiry concerning appointment of counsel to handle the appeal was ignored. His right to have appointed counsel here is clear.   18 U. S. C. § 3006A (c) ;* cf. *Douglas* v. *California,* 372 U. S. 353 (1963).   Subsequently the petitioner requested another extension of time and renewed his request for appointed counsel.   The Government opposed both motions; they were denied and the appeal was dismissed.

---

*Section 3006A (c) reads in part as follows: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal."

The petitioner, still acting *pro se,* then brought this application for habeas corpus to this Court.

In his response to the application the Solicitor General informed the Court that it appeared that the judge below was unaware of the petitioner's initial request for counsel, and mistakenly believed that the petitioner had never filed a financial affidavit with the trial court. The Solicitor General therefore suggested that this Court should treat the application as a petition for certiorari, and grant certiorari and remand the case to the Court of Appeals for determination of whether the petitioner's appeal had been improvidently dismissed.

On examination of the record, we follow the suggestion of the Solicitor General, grant certiorari, vacate the judgment of the Court of Appeals, and remand the case to that court.

*So ordered.*

MR. JUSTICE REHNQUIST dissents.