**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Argued: August 31, 2015      Decided: July 14, 2016)

Docket No. 14-507-cv

————————————————————

SRM GLOBAL MASTER FUND LIMITED PARTNERSHIP,

*Plaintiff-Appellant*,

v.

BEAR STEARNS COMPANIES L.L.C. F/K/A BEAR STEARNS
COMPANIES INC., ALAN D. SCHWARTZ, SAMUEL L. MOLINARO, JR.,
JAMES CAYNE, WARREN SPECTOR, DELOITTE & TOUCHE L.L.P.,

*Defendants-Appellees*.

————————————————————

Before:

HALL, LIVINGSTON, and LOHIER, *Circuit Judges*.

More than five years after the collapse of Bear Stearns Companies Inc. (with its successor, defendant Bear Stearns Companies L.L.C., "Bear") and the filing of a putative class action lawsuit against Bear, plaintiff SRM Global Master Fund Limited Partnership ("SRM") filed its own suit against Bear, Bear's officers, and Bear's auditor, defendant Deloitte & Touche L.L.P.  SRM, a registered private investment fund, asserted that the defendants had made material misrepresentations in violation of SEC Rule 10b-5 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and had engaged in common law fraud.  The United States District Court

for the Southern District of New York (Sweet, *J.*) dismissed SRM's complaint. Relying on our decision in *Police & Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), it held that the class action tolling rule set forth in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), does not apply to 28 U.S.C. § 1658(b)(2), the five-year statute of repose that limits the time in which plaintiffs may bring claims under Section 10(b) and Rule 10b-5. It therefore dismissed SRM's Section 10(b) and Rule 10b-5 claims as time-barred and dismissed SRM's Section 20(a) claims for failure to state a primary violation of Section 10(b). The District Court also dismissed SRM's common law fraud claims, holding that New York law does not recognize holder fraud claims and that SRM failed adequately to plead reliance. We **AFFIRM**.

PHILIP C. KOROLOGOS, Boies, Schiller & Flexner LLP, New York, NY (Richard B. Drubel, Matthew J. Henken, Boies, Schiller & Flexner LLP, Hanover, NH, *on the brief*), *for Plaintiff-Appellant.*

ELIZABETH M. SACKSTEDER (Brad S. Karp, Jessica S. Carey, Jonathan Hurwitz, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for Defendant-Appellee* Bear Stearns Companies L.L.C.

Susan Saltzstein, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Defendant-Appellee* Alan D. Schwartz.

Pamela Rogers Chepiga, Allen & Overy LLP, New York, NY, *for Defendant-Appellee* Samuel L. Molinaro, Jr.

David S. Frankel, Kramer, Levin, Naftalis & Frankel LLP, New York, NY, *for Defendant-Appellee* James Cayne.

David B. Anders, Wachtell, Lipton, Rosen & Katz, New York, NY, *for Defendant-Appellee* Warren Spector.

ANTONY L. RYAN (Thomas G. Rafferty, Rachel G. Skaistis, *on the brief*), Cravath, Swaine & Moore

LLP, New York, NY, *for Defendant-Appellee* Deloitte & Touche L.L.P.

LOHIER, *Circuit Judge*:

This appeal arises from the collapse of Bear Stearns Companies Inc. (with its successor, defendant Bear Stearns Companies L.L.C., "Bear") and the lawsuit filed by SRM Global Master Fund Limited Partnership ("SRM"), a registered private investment fund, against Bear, Bear's officers, and Bear's auditor, defendant Deloitte & Touche L.L.P. ("Deloitte"). The principal question presented is whether the class action tolling rule set forth in American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), applies to 28 U.S.C. § 1658(b)(2), the five-year statute of repose that limits the time in which plaintiffs may bring claims under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, see Merck & Co. v. Reynolds, 559 U.S. 633, 650 (2010). We hold that American Pipe tolling does not apply to § 1658(b)(2). As we explain below, we also conclude that SRM failed adequately to allege that it relied on any misrepresentations in making investment decisions, an element of its common law fraud claims.

**BACKGROUND**

SRM's complaint alleges the following facts, which we assume to be true and construe in the light most favorable to the plaintiff. See Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 118 (2d Cir. 2013).

In the years prior to Bear's collapse in 2008, Bear and its officers made material misstatements and omissions that overstated the value of Bear's assets, the adequacy of Bear's capital reserves and liquidity, and the quality of Bear's risk management and valuation procedures. Deloitte falsely certified that the Form 10-Ks that Bear filed for fiscal years 2006 and 2007 presented fairly, in all material respects, the information set forth therein.

In 2007 and 2008 SRM purchased Bear common stock and entered into swap agreements based on the value of Bear common stock. Two specific allegations in the complaint relate to SRM's decision to purchase or sell stock, or enter into or unwind the swap agreements, in reliance on the defendants' misrepresentations. First, SRM alleges that it read and relied on the misrepresentations in Bear's 2006 Form 10-K "in its analysis of Bear and in deciding whether it should purchase Bear securities." Joint

App'x 31.  Second, SRM alleges that it read and relied on Deloitte's misrepresentations in Bear's 2006 and 2007 Form 10-Ks "in its analysis of Bear and in deciding whether it should liquidate, retain or increase its investment in Bear."  Joint App'x 101.  SRM also asserts "holder claims," alleging that it retained its Bear stock and decided not to unwind the swap agreements in reliance on the defendants' misrepresentations.

After Bear collapsed, the defendants were sued in a series of putative class actions that were eventually consolidated and settled.  At its request, SRM was excluded from the settlement class.  It instead filed this complaint in April 2013, asserting that the defendants had made material misrepresentations in violation of SEC Rule 10b-5 and Sections 10(b) and 20(a) of the Exchange Act and had also committed common law fraud under New York law. [1]

Relying on § 1658(b)(2), the defendants moved to dismiss SRM's complaint as time-barred.  SRM responded that the statute of repose in § 1658(b)(2) was tolled by the filing of a putative class action complaint

---

[1] SRM also alleged violations of Section 18 of the Exchange Act but does not appeal the District Court's dismissal of those claims.

against Bear and the individual defendants in March 2008.[2]  The United States District Court for the Southern District of New York (Sweet, J.), rejected SRM's argument based on our decision in Police & Fire Retirement System of City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95 (2d Cir. 2013). The District Court held that American Pipe tolling does not apply to § 1658(b)(2), and that SRM's Section 10(b) and Rule 10b-5 claims were therefore time-barred.  It dismissed SRM's Section 20(a) claims for failure to state a primary violation of Section 10(b).  And it also dismissed SRM's common law fraud claims, holding that New York law does not recognize holder fraud claims and that SRM failed adequately to plead reliance.

This appeal followed.

**DISCUSSION**

A. SRM's Federal Claims

Under the tolling rule set forth in American Pipe, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been

---

[2] That complaint was subsequently consolidated with other putative class action complaints.  Deloitte was a defendant in the consolidated class action lawsuit.

parties had the suit been permitted to continue as a class action." 414 U.S. at 554. Section 1658(b)(2), however, is not a statute of limitations. It is a statute of repose, which "is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit." P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 102, 104 (2d Cir. 2004) (identifying § 1658(b)(2) as a statute of repose); see Merck & Co., 559 U.S. 650 (same).

In IndyMac, we held that American Pipe tolling does not apply to the statute of repose in Section 13 of the Securities Act of 1933, 15 U.S.C. § 77m, which limits the time in which plaintiffs may bring actions under Sections 11 and 12(a) of that Act. IndyMac, 721 F.3d at 112. Noting that Section 13 is a statute of repose, we explained that if viewed as a form of equitable tolling American Pipe tolling does not apply to Section 13 because "a statute of repose is subject only to legislatively created exceptions, and not to equitable tolling." Id. at 106, 109 (quotation marks omitted). Nor could it apply, we concluded, if American Pipe tolling is legal in nature and based on Rule 23 of the Federal Rules of Civil Procedure. "[S]tatutes of repose create a substantive right in those

protected to be free from liability after a legislatively-determined period of time." Id. at 106 (quotation marks omitted). "Permitting a plaintiff to file a complaint . . . after the repose period set forth in Section 13 of the Securities Act has run would therefore necessarily enlarge or modify a substantive right and violate the Rules Enabling Act [28 U.S.C. § 2072(b)]," which "forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right.'" Id. at 109 (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2561 (2011)).

For the reasons we provided in IndyMac, we hold that American Pipe tolling does not apply to § 1658(b)(2)'s five-year statute of repose. First, as a statute of repose, § 1658(b)(2) is not subject to equitable tolling, see id. at 106, 109; and second, it creates a substantive right in defendants to be free from liability after five years — a right that American Pipe tolling cannot modify without running afoul of the Rules Enabling Act, see id.

SRM argues that the textual differences between Section 13 and § 1658(b)(2) — in particular, Section 13's "in no event" language —

distinguish IndyMac.[3]  But we did not base our holding in IndyMac on Section 13's "in no event" language.  There is no reason to think that it is that particular phrase that secures for defendants in actions under Sections 11 and 12(a) of the Act a substantive right to be free from liability after three years.  Nor do any other textual differences between Section 13 and § 1658(b)(2) dissuade us from concluding that IndyMac applies to § 1658(b)(2).

Because the complaint fails to allege that the defendants made any misrepresentations within five years of the filing of SRM's complaint, SRM's Section 10(b) and Rule 10b-5 claims are time-barred under § 1658(b)(2)'s five-year statute of repose.  And because SRM fails to state a claim under Section 10(b), we agree with the District Court that its Section 20(a) claim "must also fail for want of a primary violation."  ECA, Local

---

[3] Section 13 provides in relevant part, "In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale."  15 U.S.C. § 77m.  Section 1658(b)(2) states that "a private right of action . . . may be brought not later than . . . 5 years after such violation."  28 U.S.C. § 1658(b)(2).

134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 207 (2d Cir. 2009).

B.  SRM's Common Law Fraud Claims

We turn next to SRM's common law fraud claims under New York law, all of which were dismissed by the District Court.

To plead a common law fraud claim under New York law, a "plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentations."  ACA Fin. Guar. Corp. v. Goldman, Sachs & Co., 25 N.Y.3d 1043, 1044 (2015).  SRM's complaint fails to allege facts sufficient to state a plausible claim that it purchased or sold stock, or entered into or unwound swap agreements, in reliance on the defendants' misrepresentations.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[4]  The complaint's only relevant factual allegations assert that SRM relied on the misrepresentations in Bear's 2006 Form 10-K "in its analysis of Bear and in deciding whether it should purchase Bear securities," Joint App'x 31 (emphasis added), and that it relied on Deloitte's

---

[4] Because the complaint fails to meet the Twombly pleading standard, we do not consider whether the stricter pleading requirements of Federal Rule of Civil Procedure 9(b) apply to the reliance element of SRM's common law fraud claims.

misrepresentations in Bear's 2006 and 2007 Form 10-Ks "in its analysis of Bear and in deciding <u>whether it should liquidate, retain or increase its investment</u> in Bear," Joint App'x 101 (emphasis added). Neither these allegations nor any others specifically plead, as necessary to SRM's common law fraud claims, that SRM actually <u>purchased or sold</u> stock, or actually <u>entered into or unwound</u> a swap agreement, in reliance on the defendants' misrepresentations. Without such an allegation, we conclude, SRM's common law fraud claims were properly dismissed.

The same is true of SRM's holder fraud claims. As noted above, the District Court held that New York courts do not recognize holder fraud claims, relying principally on two recent First Department cases. Special App'x 24-25 (citing <u>Bank Hapoalim B.M. v. WestLB AG</u>, 995 N.Y.S.2d 7, 11 (1st Dep't 2014) and <u>Starr Found. v. Am. Int'l Grp., Inc.</u>, 901 N.Y.S.2d 246, 248-50 (1st Dep't 2010)). We need not decide whether New York law permits holder fraud claims, because even assuming that it does, SRM has failed to point us to any part of its complaint that adequately alleges reliance on any misrepresentations in deciding to hold rather than sell its stock. <u>See</u> <u>Cont'l Ins. Co. v. Mercadante</u>, 225 N.Y.S. 488, 491 (1st Dep't

1927); see also In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 109, 117 (2d Cir. 2013) ("[I]t is well established that we can affirm the dismissal of a complaint on any basis supported by the record.").  Accordingly, we conclude that the District Court properly dismissed SRM's holder fraud claims.

**CONCLUSION**

We have considered SRM's other arguments, including those made in its letter filed pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the District Court.