## DAVID JOBSON v. MARTIN FENNELL.

Power of Ministerial Officers to Act by Deputy.—The general rule of the
common law is that officers who exercise judicial functions cannot act by deputy,
but those who exercise merely ministerial functions may, without express authority
to that effect.

Idem—Sheriffs and Constables.—In the absence of statutory provisions as to
the appointment of deputies by Constables, the common law rule applies, and
Constables may act by deputy in the exercise of their ministerial functions.

Appeal from the District Court, Twelfth Judicial District,
City and County of San Francisco.

The plaintiff, in 1867, recovered judgment, in the Court of
William H. Bell, a Justice of the Peace in and for said city
and county, against one Richard Merriman, for the sum of
eighty dollars, with interest and costs. Thereafter, in the
same year, upon an execution issued on said judgment, a
levy was made on a certain lot in said city and county, as
the property of said Merriman, and at the sale thereunder,
the plaintiff became the purchaser for the sum of one hun-
dred and sixty-one dollars, which sum, less the amount of
his said judgment, was by him duly tendered to the officer
holding said execution and who made said sale, and
demanded from him a certificate of said purchase. During
the period aforesaid, the defendant in this action was an
acting Constable in said city and county, duly qualified, and
one John A. Cardinele was acting as a Deputy Constable,
under a regular appointment as such made by said defend-
ant, Martin Fennell. The summons in said action against
said Merriman was personally served on the defendant
therein, and a certificate of due service thereof made and
indorsed on said summons, signed by the defendant in this
action as Constable, by said Cardinele, Deputy Constable,
and said judgment was rendered by default.

Said levy and sale under said execution were made by said
Cardinele as such Deputy Constable, and the certificate of the
return thereof, as indorsed on said execution, was signed by
said defendant Fennell, Constable, by said Cardinele, Deputy

Constable. The defendant and the said Cardinele failed and refused to accept said tender made by the plaintiff, and refused to make and deliver to him the demanded certificate of said purchase of said lot; whereupon this action was commenced, to procure the mandate of said District Court to compel the execution and delivery of said certificate to the plaintiff. In the Court below the defendant had judgment, and the plaintiff appealed.

*R. A. Redman,* for Appellant.

The only question presented in this case is, can a Constable perform the duties pertaining to his office by deputy, in the absence of any statutory provision authorizing him to do so? In New York the Legislature deemed it important to negative such an exercise of power. (2 R. S., Sec. 273; Laws 1824, p. 290.) The office of Constable is one created by the ancient customs of the common law. (Willcock's Constables, p. 2; Loft, side p. 419; *Medhurst* v. *Waite,* 3 Burrows, 1,259; 5 Coke, Part IX, side p. 42; Co. Lit., Sec. 378, at 234*a*, and Sec. 379, at 234*b*; 1 Blk. Com. 271, 272; 2 *Ib.* 355 *et seq.*; 3 Kent Com. 452–7.) A Constable may act by deputy. (9 Ohio, 151; *Rex* v. *Clark,* 1 T. R. 682; 3 Burr, 1,257; 2 Hawk. P. C., Sec. 36; *Taylor* v. *Brown,* 4 Cal. 188.) See, also, Gwynne on Sheriffs, page thirty-eight, as to the distinction between ministerial and judicial acts in the same officer, and what of them can be performed by deputy, without the authority having been declared in express words.

*Byrne & Freelon,* for Respondent.

By the Court, SANDERSON, J.:

The general rule of the common law is, that officers who exercise judicial functions cannot act by deputy, but those who exercise merely ministerial functions may, without express authority to that effect. Accordingly, it was early settled that a Sheriff, in the exercise of his ministerial func-

tions, could act by deputy; but otherwise, in respect to his judicial functions, because no express authority to that effect was given in his patent. (Gwynne on Sheriffs, 38.) So in respect to Constables. (*Medhurst* v. *Waite*, 3 Burr, 1,259; *Rex* v. *Clarke*, 1 Dunford and East. 679; Willcock on Constables, 17, 15; 13 Law Library, N. S.)

The statute of this State in relation to Constables is silent as to the appointment of deputies. (Stats. 1850, p. 263.) Such being the case, the rule of the common law applies, and it has accordingly been held that Constables may act by deputy in the exercise of their ministerial functions. (*Taylor* v. *Brown*, 4 Cal. 188.)

Judgment reversed, and cause remanded for further proceedings in accordance with the views expressed in this opinion.