[Filed May 10, 1886.]

## PRICKETT AND SALOMON *v.* M. S. CLEEK.

CONSTABLES—DEPUTY.—In the absence of statutory provisions upon the subject, it seems a constable may appoint a deputy to perform a particular ministerial service, but he cannot appoint a permanent deputy for the general discharge of the duties in his office.

SAME—SERVICE BY—VOID JUDGMENT.—A judgment rendered by a justice of the peace in a case where there was no appearance and no service except by a person styling himself deputy constable, and where the record discloses no appointment of such deputy to perform said service, is void.

REVIEW.—A writ of review lies to vacate such a judgment.

LANE COUNTY.     Defendant appeals.     Affirmed.

*Charles S. Phillips,* for Appellant.

*G. S. Washburne,* for Respondents.

LORD, J.  This was an action brought by the appellant against the respondents, in a Justice's Court, for the recovery of damages for the conversion of a certain quantity of wheat, alleged by the appellant to have been deposited with the respondents.  The summons was served by a person styling himself deputy constable, and the respondents making no appearance, a judgment by default was taken against them.  Subsequently the respondents sued out a writ of review, upon the ground,

principally, that the Justice's Court was without jurisdiction to render such judgment, for the reason that there had been no legal or proper service ever made on the respondents. The judgment was vacated and annulled by the Circuit Court, and the cause remanded to the Justice's Court, with directions to issue a new summons upon the complaint in said cause, and to place the same in the hands of the proper officer for service, etc.

The appellant contends that the statute in relation to constables being silent as to the appointment of deputies, the common-law rule applies, which authorizes such officers to act by deputy in the exercise of their ministerial functions. It is well settled that duties of a judicial character cannot be delegated to or be performed by a deputy; but it has always been admitted that duties of a purely ministerial character may be performed by a deputy. An office ministerial in its nature may generally be executed by a deputy. (Bac. Abr., tit. Offices.) "This is a ministerial act; and a constable may appoint a deputy to do ministerial acts." (Lord Mansfield, in *Midhurst* v. *Waite,* 3 Burr. 1262.) Sergeant Hawkins says: "Inasmuch as the office of constable is wholly ministerial, and no way judicial, it seems that he may appoint a deputy to execute a warrant directed to him, when, by reason of sickness, absence, or otherwise, he cannot do it himself. Yet I do not find it settled that a constable can make a deputy without some such special cause." (*King* v. *Stubbs,* 2 T. R. 403; Bac. Abr., tit. Constable, D.) But " a constable cannot appoint a permanent deputy for the general discharge of the duties of his office, but he may, when sick or necessarily absent, appoint a deputy to do a particular act." (Willcock on Constables, 16, citing *Rex* v. *Adlard,* 4 Barn. & Cress. 780; *Sir W. Vane's Case,* 2 Keb. 309; *Phelps* v. *Winchcombe,* 1 Rol. 274; S. C., Moore, 845; *Rex* v. *Hope Mansell,* Cald. 252; 2 Hawk. P. C. 88;

2 Hawk. 10–36.) It is clear, then, at common law, under the circumstances indicated, a constable can delegate his authority to or act by a deputy in the discharge of his ministerial functions, but that he could not appoint a permanent deputy for the general discharge of the duties of his office. Now, there is nothing in the record to show any appointment by the constable for the execution by another of the duty in question, or any facts or circumstances which would authorize or warrant the application of the common-law rule for the performance of such duty. In *Jobson* v. *Fennell*, 35 Cal. 711, it was held, in the absence of statutory provisions as to the appointment of deputies by constables, the common-law rule applies, and that constables may act by deputy in the exercise of their ministerial functions; but the record discloses that the deputy was acting under a regular appointment for that purpose.

It results that there was no legal service, and that the Justice's Court was without jurisdiction to render the judgment which the Circuit Court vacated and annulled. But it is claimed if the judgment is void the remedy is by appeal, and not by review. It is true, a party has the right to appeal from and obtain the revisal of a void judgment or decree. (*Shoemaker* v. *Board of Commissioners etc.*, 36 Ind. 181; Hayne on New Trial and Appeal, sec. 203, p. 613.) But there is nothing in this objection, as applied to the case here. Section 557 of the Code provides that, upon an appeal from a Justice's Court, the action shall be tried anew upon substantially the issues tried in the court below. (See also Code, sec. 575, p. 229; sec. 67, p. 471.) This is not such a case as *Evans* v. *Christian*, 4 Or. 375. The judgment must be affirmed.