### THE STATE, CHARLES L. HULICK, PROSECUTOR, v. RUFUS CASLER.

One of two joint judgment debtors, who wishes to prosecute a writ of *certiorari* to reverse such judgment, on the ground that process was not served upon him, must summon the other defendant, and, if the latter refuses to join in the prosecution, procure an order permitting him to prosecute the writ alone.

This writ brings up a judgment entered by John C. Edwards, a justice of the peace.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the prosecutor, *R. T. & W. B. Stout.*

For the defendant, *James Steen.*

The opinion of the court was delivered by

REED, J.   The record discloses that the summons was sued out against two defendants—Charles L. Hulick, the prosecutor, and Charles Smock.

The constable made a return of a personal service on the two defendants, at their place of business in Asbury Park, by reading the same and leaving a true copy thereof.   On the return-day of the summons, a motion was made to nonsuit the plaintiff, on the ground that no copy of the summons was served.   This motion was refused.

The justice received in evidence a note signed Hulick & Smock, and entered judgment against the defendants for the amount of the note.

It appears, from the testimony taken to be used upon this argument, that the paper left with Hulick as a copy of the summons, had upon it no name of a justice of the peace.   No appearance was entered by the defendants, except specially to object to the sufficiency of the service of the writ.

An insuperable obstacle shuts out any consideration of the merits of the grounds assigned for reversal.   The suit, as already observed, terminated in a joint judgment against the prosecutor and another.   He alone has prosecuted this writ. There has, so far as appears, been no summons to the other defendant, and, of course, no severance of their joint right to prosecute the writ of *certiorari.*   Unless this be done, the other defendant will retain his right to sue out his writ after a judgment upon the present writ, and so the plaintiff below be harassed by successive writs.   *Bradshaw* v. *Callahan,* 8 *Johns.* 558, 566 ; *Cox* v. *Haines, Pen.* *687.

Both defendants were returned served, so the case cannot be brought within the doctrine of the case of *Pharo* v. *Parker,* 1 *Zab.* 332, as limited by the subsequent case of *Van Buskirk et al.* v. *Hoboken and New York Railroad Co.,* 2 *Vroom* 367.

The exception to the rule requiring summons and severance was, by the last case, restricted to a writ sued out by one of two joint debtors, against both of whom judgment had been entered, under the statute respecting joint obligations, by force of a service of process upon the prosecutor of the writ only, the return as to the other defendant being " not found."

The practice in cases like the present is to sue out the writ in the names of all the joint defendants, and upon the return, if any refuse to come in and join in filing reasons and prosecuting the writ, they must be summoned and severed. The procedure is pointed out in *Arch. Pr., p.* 211.

The writ is dismissed.