A. KUHN & BRO., RESPONDENTS, *v.* S. F. MOUNT, APPELLANT.

WANT OF JURISDICTION—WAIVER—LIMITATION OF ACTIONS—NEW PROMISE.

1. Where a justice of the peace has jurisdiction of the subject-matter, but has no jurisdiction of the person of the defendant, he may, notwithstanding such fact, try the case if the defendant appear in obedience to the summons, and consent to proceed with the trial.

2. This statute is entitled to the same respect as other statutes, and ought to be enforced, not only on the presumption, arising from lapse of time, that the debt has been paid, but because it is essentially a statute of repose. It should be viewed as a wise and beneficial law, rather than a discreditable defense.

3. A promise, to be sufficient evidence to create a new or continuing contract, and to remove the bar of the statute, ought to be express, clear and unequivocal; and if there are any conditions annexed, the proof must show that such conditions have been performed, and if a contingency, that such contingency has happened.

4. The promise by writing that a person will pay upon a contingency happening, coupled with an acknowledgment of the debt, is sufficient to bar the statute, upon proof that the contingency has happened; the old debt being a sufficient consideration to support the new contract.

(No. 636. Decided March 26, 1896. 44 P. R. 1036.)

Appeal from the district court of the Fourth judicial district, Territory of Utah, Hon. H. W. Smith, *Judge.*

This was an action on a promissory note dated at Pratville, Utah, July 12, 1883, due 60 days after that date,

payable at the banking house of Harkness & Co., Ogden, Utah.

The action was brought in a commissioner's court at Ogden, Utah, on the 23d day of December, 1892, and summons served at Richfield, Sevier county, Utah, by delivering a copy of same to defendant's wife at his place of residence, by the sheriff of Sevier county, on the 30th day of December, 1892.

Defendant, by his attorney, made special appearance before said commissioner and objected to the jurisdiction of the court, both as to the person of the defendant or the subject-matter of the action. The commissioner held his jurisdiction in civil cases extended throughout the territory.

Plaintiff, without waiving his objection to the jurisdiction, answered and pleaded the statute of limitations, section 3143 of the Compiled Laws of Utah, as a bar to said action, and denied making any agreement in writing within the four years last past to pay the note sued on.

From a judgment in the commissioner's court in favor of respondent, appellant appealed to the district court of the territory, where the judgment of the commissioner was sustained. Appeal was then taken to supreme court of the state, where both judgments were affirmed.

*F. Hoffman* and *Boreman & Boreman,* for appellants.

There was no acknowledgment or new promise in either of the letters written by defendant to plaintiff, for a new promise sufficient to remove the case from the statute must refer to the particular debt or obligation on which the new promise was based, the amount thereof, and an unconditional promise to pay the same. On this proposition all of the later authorities are nearly unanimous. Among the leading cases we cite: Wood on Limitation, pp. 172-90, and cases cited; *Bell* v. *Morrison,* 1

Peters, U. S. p. 351; *McClenny* v. *Silliman*, 3 Peters, U. S.
269; *Mattock* v. *Chadwick*, 71 Maine, 313; *Laudis* v. *Roth*,
109 Penn. St. 621; *Miller* v. *Baschore*,. 83 Penn. St. 366;
*Brarthwals* v. *Harvey*, 27 L. R. A. 101; *Biddel* v. *Brizzolora*,
56 Cal. 374; *Shepherd* v. *Thompson*, 122 U. S. 231; *McCor-
nick* v. *Brown*, 36 Cal. 180.

*Maloney & Perkins*, for respondent.

The following acknowledgments have been held to be
sufficient to take the cases out of the statute of limita-
tions, viz.: "I do not consider myself as owing Mr. B.
a farthing, it being more than six years since I con-
tracted; I have had the wheat, I acknowledge, and I have
paid some part of it and $26 still remains due. *Bryan* v.
*Horseman*, 4 East, 599, "Prove your debt and I will pay
you." *Seaward* v. *Lord*, 1 Greenleaf, 163, "I am ready to
account; but nothing is due," and even slighter acknowl-
edgments than these have been held to be sufficient to
take the case out of the statute. *Trueman* v. *Fenton*,
Cowp. 544. "So where in an action on a promissory note,
and *no other debt* appearing (as in the case at bar, Abst., 7),
the defendant wrote as follows: 'Business calls me to L.;
should I be fortunate in my adventures you may depend
on seeing me in B. in less than three weeks, otherwise I
must arrange matters with you as circumstances will per-
mit." *Frost* v. *Bengough*, 1 Bing. 266. "The defendant, in
a letter to plaintiff, promises to pay the balance due
from him to the plaintiff, but does not specify any par-
ticular amount (as in the case at bar); this is sufficient to
take the case out of the statute." *Dickinson* v. *Hotfield*, 2
Mo. & M. 141.

"The question whether a written acknowledgment is
sufficient, as well as its construction and effect, is for the
court, and not for the jury." *Oliver* v. *Gray*, 1 Har. & G.
(Md.) 204; *Hancock* v. *Bliss*, 7 Wend, 267; *Routledge* v.

*Ramsay,* 8 Ad. & El. 221; *Magee* v. *Magee,* 10 Watts 172; *Berghaus* v. *Calhoun,* 6 Watts 219.

BARTCH, J.:

This action was commenced on December 16, 1892, in a commissioner's court in Ogden, to recover $299, the amount of a promissory note dated July 12, 1883, and payable at the banking house of Harkness & Co., Ogden, Utah. Summons was issued and served on the defendant at Richfield, Sevier county, Utah. The answer denied the indebtedness, and alleged that the commissioner's court had no jurisdiction of the person of the defendant or subject-matter of the action, and pleaded in bar the statute of limitations. The case was tried before the commissioner, and judgment entered in favor of the plaintiffs for $299 and costs. It was then appealed to the district court, tried before a jury, and a verdict rendered in favor of the plaintiffs for $299, under instructions of the court. Judgment was entered for said sum, with interest thereon from date of judgment, and for costs, on May 22, 1895. An appeal was then prosecuted to this court.

Counsel for the appellant insist that the commissioner had no jurisdiction of the person of the defendant, or of the subject-matter of the action, and that, therefore, the district court acquired none on appeal. This objection was set up by an affirmative allegation in the answer before the commissioner's court, but no evidence was introduced to show that such allegation was true. Nor was there any motion made to dismiss. In fact, no effort was made in that direction, as is apparent from the transcript, wherein, so far as material here, it appears as follows: "By consent of parties, this action came on for trial Feb. 11, 1893," etc. It is thus shown that the defendant consented to the trial of the cause before the commissioner. This he could do, because the commissioner, hav-

ing had the same jurisdiction of causes as a justice of the peace, had jurisdiction of the subject-matter, the amount sued for being a sum less than $300, due upon contract, for money only. The objection to jurisdiction raised in the answer, so far as it relates to the subject-matter, is absolutely without foundation in fact, as shown by the record; and the defendant, having appeared in the case, by consenting to go on with the trial, waived any valid objection to the jurisdiction of the person which he might have raised under his allegation in the answer, and cannot now be heard to complain. As the commissioner, therefore, had jurisdiction to try the cause, the district court rightfully assumed jurisdiction on appeal. Even if the defendant had not waived his objection, it could not avail him, because at the trial in the district court he introduced no evidence in support of his allegation in the answer, nor did he make any motion to dismiss the appeal from the commissioner's court. Where a person brings an action before a justice of the peace who has jurisdiction of the subject-matter, but has no jurisdiction of the person of the defendant, such justice may, notwithstanding such fact, try the cause, if the defendant appear in obedience to the summons, and consent to proceed with the trial.

The further question presented in the record is whether, under the facts and circumstances of this case, the action was barred by the statute of limitations. Counsel for the appellant so insists, while counsel for the respondents maintain that the bar of the statute has been removed by an acknowledgment or promise contained in certain letters of the appellant. The statute of limitations in force, and on which the appellant relies, bars an action on a promissory note in four years after the cause of action has accrued. Com. Laws Utah 1888, § 3143. The note on which this action was based was dated July

12, 1883, and payable 60 days after date. The suit was brought December 16, 1892, or more than nine years after the cause of action accrued. It is clear that the bar of the statute is effectual, unless the writing of the appellant, on which the respondents rely, contains an acknowledgment or promise which is sufficient evidence of a new or continuing contract. In determining the question here presented, due regard must be given to the purpose and object of the statute. The law is wise and beneficial, and its objects ought not to be defeated by interpretation. It is entitled to the same respect as other statutes, and ought to be enforced, not only on the presumption, arising from lapse of time, that the debt has been paid, but because it is essentially a statute of repose. It affords protection against ancient demands, whether originally well founded or not, and serves as a warning against the consequences of laches. Its purpose is to provide a defense against claims which arose at such a distance of time as to leave no way to trace their origin, nature, or extent, and as will frustrate every honest effort to arrive at the truth in relation to them, and render impossible any satisfactory explanation of them because of the death of witnesses and loss of evidence. The statute has a tendency to prevent oppressive charges, which might be made, almost with impunity, after a distance of time when the transaction has faded from memory, or the evidence has been lost, and to produce speedier adjustment of accounts and affairs. It is true that by its operation an honest debt may occasionally be lost, but this does not militate against the wisdom and policy of the law, because, where one such debt is lost, many unfounded and unjust recoveries will be prevented. Mr. Justice Story, in *Bell* v. *Morrison*, 1 Pet. 351, interpreting the statute of limitations in Kentucky, said: "It has often been

13 UTAH—8

a matter of regret, in modern times, that in the construction of the statute of limitations the decisions had not proceeded upon principles better adapted to carry into effect the real objects of the statute; that, instead of being viewed in an unfavorable light, as an unjust and discreditable defense, it has received such support as would have made it, what it was intended to be, emphatically a statute of repose. It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses. It has a manifest tendencey to produce speedy settlement of accounts, and to suppress those prejudices which may rise up at a distance of time, and baffle every honest effort to counteract or overcome them." Viewing the statute in the light in which that eminent jurist and the English judges at an early period viewed it,—as a beneficial law, rather than a discreditable and unjust defense, —it is manifest that no very loose, vague, or equivocal expression on the part of the debtor ought to be deemed sufficient to evade the statute. A promise, to be sufficient evidence to create a new or continuing contract, and to remove the bar of the statute, ought to be express, clear, and unequivocal, and if there are any conditions annexed the proof must show that such conditions have been performed, and, if a contingency,—as to pay when he is able, —that such contingency has happened, so as to raise the qualified promise into one which is absolute and unqualified. So an acknowledgment from which by implication of law a promise is to be raised ought to be a direct and unqualified admission of a previous, subsisting debt, for which the debtor is liable, and which he intends to

pay. Where the promise of acknowledgment raises at best a mere probable inference to pay, being vague and indeterminate, and may affect the minds of different persons differently, it ought not to be held sufficient evidence to create a new cause of action. The original debt is sufficient consideration in law to support a new contract, but the promise ought not to have the effect to create such contract, unless it be a distinct admission of the obligation of the debtor to pay the debt. 2 Greenl. Ev. §§ 440, 441; Wood, Lim. §§ 64-68; *Clementson* v. *Williams*, 8 Cranch, 72; *Shepherd* v. *Thompson*, 122 U. S. 231, 7 Sup. Ct. 1229; *Magee* v. *Magee*, 10 Watts 172; *Mattocks* v. *Chadwick*, 71 Me. 313; *Tanner* v. *Smart*, 6 Barn. & C. 603; *Robbins* v. *Otis*, 1 Pick. 368. Such acknowledgment or promise must be in writing, and signed by the debtor, as provided in section 3165, Comp. Laws Utah, 1888, which says: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the statute of this title, unless the same is contained in some writing signed by the party to be charged thereby."

The respondents claim the letters written by the appellant and admitted in evidence comply with this statute, and remove the bar of the statute of limitations. The first letter reads as follows: "Glenwood, February 3. Messrs. Kuhn & Bros.: Yours of the 28th received, and in reply will state that I am in very hard circumstances. Have no money at all, and I can't see any prospect of getting any here. If anything turns up so I can make the money, you shall have it; otherwise I see no way of paying it at present. Yours, truly, S. F. Mount." The second letter reads: "Richfield, Utah, Feb. 12. A. Kuhn & Broth.—Gentlemen: Yours of the 11th inst. at hand, and in reply will say, anything that I have got that I can live without you can have it on part payment. I want to see

you, and everyone else that I O, make some arrangements to settle, and get out of debt some way. I can't do anything the way things are. Yours, truly, S. F. Mount." It was admitted at the trial that these letters were written and signed by the appellant. The proof shows that they were received by the respondents in February, 1889; that no other indebtedness existed between the parties at that time; that the debtor owns a fourth interest in the Ibex mine, which mine is worth about $130,000; and that the original debt, evidenced by the note, still exists, no part of it having been paid. Considering the evidence and construing the letters in the light of the statute last quoted and of the principles above referred to, we think this is a case in which the bar of the statute of limitations has been removed. The writings contain, not only an admission of, but a promise to pay, the debt. The first one contains a promise, coupled with the condition or contingency that, if anything turned up that the writer could make the money, he would pay it. The proof clearly shows that such a contingency happened, and that he is abundantly able to pay. In the second writing he reiterates his desire to pay,—to see the respondents and all other creditors, and make arrangements to get out of debt. The proof of the respondents also shows that these writings referred to the identical original debt; but, even if they did not, the burden was upon the defendant, in order to avoid the effect of the acknowledgment and promise, to show that they referred to some other indebtment. Other writings, similar to those under consideration, have been held sufficient to bar the statute. 2 Greenl. Ev. § 441; *Kelley* v. *Kershaw*, 5 Utah 414, 16 Pac. 488; *Walsh* v. *Mayer*, 111 U. S. 31, 4 Sup. Ct. 260; *Bayliss* v. *Street*, 51 Iowa 627, 2 N. W. 437; *Frost* v. *Bengough*, 1 Bing. 266; *Wilcox* v. *Williams*, 5 Nev. 206; *Farrell* v. *Palmer*, 36 Cal. 187; *Woodbridge* v. *Allen*, 12 Metc. (Mass.) 470. The origi-

nal debt was a sufficient consideration to support the new contract, on which this action was founded, and the bar of the statute could not take effect, as to the new cause of action, until a period of four years had expired after it accrued. The suit was brought within that period, and we think that under the facts shown by the record the defendant is liable. We see no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.