EMMA KAYSEN, RESPONDENT, *v.* H. E. STEELE, APPELLANT.

UNITED STATES COMMISSIONERS—WANT OF JURISDICTION—WAIVER— JUDGMENT—TIME OF ENTRY—CONSTABLE—POWER TO APPOINT DEPUTY.

1. The commissioner before whom this case was tried had a law partner practicing in the same judicial district, contrary to section 3050, Comp. Laws Utah 1888. As the party objecting to the commissioner's jurisdiction appeared for trial without objection, and as it did not appear that he was ignorant of the partnership, he is deemed to have waived any objection that he might have taken to the jurisdiction, the commissioner having had the same jurisdiction as a justice of the peace.

2. The trial of a cause is not complete until it is submitted to the court for decision; and when judgment is rendered the same day on which the case was submitted, or within two days thereafter, it is within the requirements of section 3597, Comp. Laws Utah 1888.

3. A constable may, when he is sick, or unable to act, appoint for a specific purpose a deputy *pro tempore;* but he cannot make the appointment permanent, to discharge generally the duties of his office.

( No. 638.   Decided April 1, 1896.   44 P. R. 1042.)

Appeal from the district court of the Fourth judicial district, Territory of Utah.   Hon. H. W. Smith, *Judge.*

Action of replevin by Emma Kaysen against H. E. Steele for a colt or its value.   The colt had been taken on a levy of execution by one Munro, appointed in writing as a deputy to defendant herein.   The appointment was for the full period of defendant's term of office as constable, and no bond was given by said Munro for the faithful performance of the duties of his office.   At the time of said execution by the deputy the constable was not sick or necessarily absent; nor was it a case of dire necessity, and Munro's appointment was not for the purpose of this particular act.   From a judgment for plaintiff defendant appeals.   *Affirmed.*

*Tillman D. Johnson* and *Jno. D. Murphy,* for appellant.

The first ground upon which appellant relies for a reversal of this judgment is the error of the trial court in refusing to permit defendant to justify under the acts of his deputy.   The general rule is that a ministerial officer can appoint a deputy to do any act which he might do himself.   This is recognized by the supreme court of California in the case of *Taylor* v. *Brown,* 4 Cal. 188, and reaffirmed in the case of *Jobson* v. *Fennell,* 35 Cal. 711, and approved in *Wright* v. *Langenour,* 55 Cal. 282, which should have great weight with this court.   See also 5 American and English Encyclopedia of Law, p. 96 and cases cited.   .

The second ground upon which appellant seeks a reversal was the refusal of the court to dismiss the action on defendant's motion made upon the ground that the commisioner before whom the cause was tried had a partner in active practice in the courts of the Territory, that

fact disqualifying the commissioner and rendering the judgment rendered by him void. *Low* v. *Rice*, 8 Johnson 409; *Clayton* v. *Per Dun*, 13 Johnson 218; *Striker* v. *Mott*, 6 Wendell 465; *Edwards* v. *Russell*, 21 Wendell 63.

*James L. Loar* and *Maloney & Perkins*, for respondent.

BARTCH, J.:

This is an action in replevin, originally brought in a United States commissioner's court, to recover a colt or its value. The plaintiff prevailed, and the defendant appealed to the district court, where the case was tried *de novo*, before a jury, which rendered a verdict in favor of the plaintiff, and then the defendant appealed to this court.

Counsel for the appellant insist that the commissioner had no jurisdiction, because at the time of the trial of the case he had a partner engaged in the practice of law in all the courts of the Fourth judicial district, this being in violation of section 3050, Comp. laws Utah 1888, which provides that no judge or other official officer shall have such a partner. There being no question as to the commissioner having jurisdiction of the subject-matter, a sufficient answer to this contention is that the appellant consented to the trial of the case in that court, as shown by the record, wherein it appears that on the 23d day of August, 1892, "all parties appeared and announced themselves ready for trial." The appellant, having appeared and consented to the trial, cannot now, under the circumstances of this case, be heard to complain, because he thereby waived any valid objection to the jurisdiction he otherwise might have had. This court so held in *Kuhn* v. *Mount*, 13 Utah 108, 44 Pac. 1036. A person cannot thus experiment with a court, and then, when judgment has been entered against him, object to the jurisdiction on the ground shown by this record. There is no pre-

tense that at the time the appellant consented to proceed with the trial he was not aware of the fact that the commisioner had a law partner.

The further objection is made that the commissioner lost jurisdiction of the case by failure to enter judgment within the period of two days after the case was tried, as provided in section 3597, Comp. laws Utah 1888, and that, therefore, the judgment was void. This objection appears to be without foundation in fact, because it is shown by the abstract of the record that the cause was not submitted until the day on which judgment was rendered in favor of the plaintiff. The trial of a cause is not complete until it is submitted to the court for decision. Under the circumstances shown by the record in this case the commissioner had jurisdiction, and therefore likewise the district court on appeal.

The appellant, at the trial of the cause in the district court, offered to show in justification, which had been set up in the answer, that at the time of the levy he was a duly elected, qualified, and acting constable of a certain precinct; that prior to such levy he had appointed, in writing, one D. Munro as his deputy, for the full period of defendant's term of office; that the writ of execution was issued in the case of *John D. Murphy* v. *Frederick C. C. Kaysen,* and the property in question levied upon and sold by said deputy under said writ; and that all the acts so relied upon in justification were done by said deputy, who also made the return on the execution. It was admitted that the deputy had given no official bond, and that at the time of the levy appellant, Steele, was neither sick nor absent of necessity. While admitting these facts to be true, counsel for respondent objected to their admission as evidence on the ground that, as matter of law, a constable could not appoint such a deputy, and that, therefore, the acts of said Munro constituted no

defense to this action. The court sustained the objection, and its ruling is assigned as error. This raises the question whether a constable can appoint a deputy to discharge generally the duties of his office. At common law, the duties of a constable being wholly ministerial, and in no way judicial, he may, when, because of sickness, absence, or other special cause, he cannot do it himself, appoint a deputy to discharge any particular duty of the office. But he cannot appoint a deputy, except for some special cause. The reason of the rule seems to be based on the fact that the public good requires that some officer should always be ready to execute process. It has been said: "Inasmuch as the office of constable is wholly ministerial, and no way judicial, it seems that he may appoint a deputy to execute a warrant directed to him, when, by reason of sickness, absence, or otherwise, he cannot do it himself; but without some such special cause a constable cannot make such a deputy." Bac. Abr. tit. "Constable," D; "Offices and Officers," L; 1 Bl. Comm. 356, 357. It is evident that a constable may, in a proper case, when he is sick and unable to act, and in the absence of any statutory provision to the contrary, delegate authority to another person to act as deputy for him. He may not, however, appoint a permanent deputy, as was attempted in the case at bar, for the general discharge of the duties of his office. *Prickett* v. *Cleck*, 13 Or. 415, 11 Pac. 49. In this case the constable was neither sick nor unable to attend to his duties. Nor was Munro appointed for the particular purpose of levying the writ of execution in question. Under the circumstances disclosed, the acts of Munro constitute no jurisdiction for the appellant, and therefore the evidence offered was properly excluded. The case of *Jobson* v. *Fennel*, 35 Cal. 711, cited by appellant, holds that the common law rule applies, and that constables may act by deputy in the

exercise of their ministerial functions. If the court meant by this that a constable may appoint a permanent deputy to discharge generally the duties of his office, then we are not inclined to adopt its view. In *Taylor* v. *Brown,* 4 Cal. 188, the question was not discussed, and the circumstances of the case are not disclosed. We think there is no reversible error in the record of this case. The judgment is affirmed.

ZANE, C. J., and YOUNG, District Judge, concur.