## GIBSON v. LANGDON et al.

(First Division. Juneau. December 28, 1903.)

### No. 269.

1. JUSTICES OF THE PEACE—CERTIORARI—REVIEW—QUESTIONS PRESENTED.

> The writ of certiorari from justice's courts to the district court brings up for review but one question, and that is whether the inferior tribunal or court exceeded its jurisdiction. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction. Sherer v. Superior Court, 31 Pac. 565, 96 Cal. 653, from California, followed, instead of Long v. Sharp, 5 Or. 439. Certiorari does not lie where the right of appeal affords a remedy.

2. SAME—PARTIES—JOINT DEFENDANTS.

> Where a joint judgment is taken against two or more defendants, both must join in a writ of certiorari. The reason why one of two joint defendants is not permitted to prosecute the writ alone without summoning the other defendant and procuring an order permitting a severance is that, unless this be done, the other defendant would retain his right to sue out another writ, and would thus have it in his power to harass the plaintiff.

This case comes before the court on a demurrer to the plaintiff's petition. The demurrer challenges the sufficiency on two grounds: First. That there is a defect of parties plaintiff herein, in that the Alaska Steamship Company, the plaintiff's codefendant in the court below, is not made a party to the

petition for review. Second. Said petition does not state facts sufficient to constitute a cause of action or to authorize the relief prayed for, and, particularizing on this ground, they say, further, that it appears from the petition that the plaintiff had a complete remedy by appeal, but has lost the same by his own laches in failing to appear in the court below; and, second, that the petition fails to show that the court below acted without jurisdiction, or erroneously exercised its jurisdiction in the rendition of the judgment sought to be reviewed.

The petition for the writ alleges that there was entered in the court below, before H. H. Folsom, United States Commissioner, a judgment for the return of certain personal property, and for the sum of $50 damages and for the costs and disbursements taxed. It is further alleged that the defendants in said action were the plaintiff and the Alaska Steamship Company, a corporation; that there was no appearance on the part of the defendants, and that the judgment entered for damages was entered by default, and no evidence of any character was introduced to support said judgment, and that no witness was ever sworn in the cause. It is further charged that the court erroneously exercised its jurisdiction in entering and causing to be entered the said judgment.

W. E. Crews, for plaintiff.

Malony & Cobb, for defendant.

BROWN, District Judge. In support of his petition plaintiff cites a number of authorities, some of which seem to support to some extent his contention, and others are directly against it. One of the cases cited is Sherer v. Superior Court, 96 Cal. 653, 31 Pac. 565, in which it is held, where a trial court, on motion regularly submitted by plaintiff, struck out defendant's answer, and rendered judgment against him as by default, the action of the court, though erroneous, was within its jurisdiction, and a writ of certiorari would not lie

to annul the judgment. In this case Patterson, J., dissented, and counsel refers with approval to the dissenting opinion.

The Supreme Court in passing upon the the question says:

"The superior court committed a very grave error in striking out the answer of petitioner filed in that action, and in rendering judgment against him without any further trial, as if he was in default; but the motion asking the court for such order and judgment was regularly submitted to it, and was clearly within its jurisdiction to decide, and, this being so, its judgment thereon cannot be annuled by means of the writ of certiorari. It must be deemed to be the settled law of this state, that the writ of certiorari brings up for review but one question, and that is whether the inferior tribunal or court exceeded its jurisdiction. It cannot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction."

"Jurisdiction," says the court, "is the power to hear and determine, and does not depend upon the rightfulness of the decision made." The court held that the judgment in that case was not void, and that the writ would not lie. Patterson, J., dissenting, expressed the opinion that the judgment was absolutely void, subject to collateral attack, and ought to be annuled on certiorari. The argument in this case by the court seems to be the more persuasive and against the contention of counsel.

In Prickett & Salmon v. M. S. Cleek, 13 Or. 415, 11 Pac. 49, the courts say:

"A judgment rendered by a justice of the peace in a case where there was no appearance and no service except by a person styling himself deputy constable, and where the record discloses no appointment of said deputy or such service, is void."

That was a case where the court was wholly without jurisdiction, and the judgment could have been attacked collaterally as one absolutely void. If the case at bar was such a one, there would be no question as to counsel's contention.

Counsel refers, also, to the case of Long v. Sharp, 5 Or. 439. In this case a part of the defendant's answer was stricken out on motion in the justice court, and a demurrer

was filed to the remainder of the answer, which was sustained. No further answer having been filed, judgment was entered in favor of the plaintiff, for want of answer, for the amount claimed and for costs and disbursements. From this judgment the defendant appealed to the circuit court, where the appeal was dismissed. Again appeal was taken from the decision of the circuit court to the Supreme Court of the state of Oregon. The Supreme Court in passing upon this case says:

"From the consideration of the whole of the provisions of chapter 1 of the Justice Code, we think it apparent that the lawmaker never contemplated the trial of a case like the one at bar in the circuit court for the first time. By the ruling of the justice of the peace, the answer which had been filed by the appellant in this case had been stricken out and set aside, and the defendant declined to further answer. If the answer was insufficient, the justice properly treated it as no answer, and properly entered judgment against the appellant for want of answer. If any error was committed by the justice, it was an error at law, which could be most conveniently corrected by writ of review, where the court has authority to remand the case for such further proceedings as the nature of the case and the ends of justice may require."

Here the decision of the Supreme Court of Oregon, made in 1875, in construing the same section and passing upon the same question, holds exactly to the reverse of the doctrine pronounced by the Supreme Court of California in the case of Sherer v. Superior Court, 96 Cal. 653, 31 Pac. 565. It seems to me that the contention of the Supreme Court of California and the reasoning of that court is far more persuasive than the statement of the proposition as pronounced by the Supreme Court of Oregon. The Supreme Court of California says:

"That the trial court committed a grave error in striking out the answer and rendering a judgment against the defendant without further trial, as if in default; but the motion asking such court for such order and judgment was regularly submitted to it, and clearly within its jurisdiction to decide, and, this being so, its judgment thereon cannot be annuled by means of the writ of certiorari."

In the Oregon case just referred to the justice court may have committed an error. The Supreme Court of Oregon says:

"If the answer was insufficient, the justice properly treated it as no answer, and properly rendered judgment against the appellant as for want of answer."

If the writ of certiorari can be used to correct errors of law occurring in the court below, as they might be on writ of error, then the action of the Supreme Court of Oregon would be wholly consistent. But the view this court has taken of the law on proceedings in certiorari is that it will only consider questions growing out of the jurisdiction of the court below, and will not correct simply errors of law already having been passed upon by the court below in the course of trial, if this question were within the jurisdiction of the court.

Another case cited by counsel for plaintiff is the case of Saunders v. Sioux City Nursery & Seed Co. (Utah) 24 Pac. 532. In this case the court held that "certiorari will not lie to review a judgment by default rendered by a justice, since an appeal lies therefrom." The justice statute of Utah would seem to be different from ours, our statute practically inhibiting an appeal where the judgment is by default; otherwise, the statute of Utah affecting the writ of review is a copy of the California and Oregon statute. The court, in discussing a former Utah case in connection with the one in hearing, says:

"But where the justice is acting within his general jurisdiction as to the subject-matter, but exceeds his jurisdiction as to the party by rendering judgment before the time to answer has expired, and relief by way of appeal is open to the party, we think he is bound to resort to the appeal. We cannot see wherein it is not an adequate remedy."

If the appeal was open to the party under such circumstances, no doubt the error complained of might be corrected in such a proceeding. The court, in summing up in this case, finally says:

"Upon further consideration of this case, the court is of the opinion that the writ of certiorari or review would not lie when the right of appeal exists, when the justice has acted or has entered a judgment without first having acquired jurisdiction of the matter of the suit, or when he has acted without his jurisdiction, as well as when

he simply exceeds his jurisdiction in some respect in the trial of the case, or has not obtained jurisdiction of the person of the defendant. In either case an appeal is the ordinary remedy provided by the statutes of this territory."

In the case of People v. Three of the Judges of Suffolk County, 24 Wend. (N. Y.) 491, it seemed that certain commissioners of highways acted without jurisdiction, and the opinion of the court, by Cowen, J., states that an appeal to the three judges does not lie from a determination, which is void for want of jurisdiction. The original proceeding, being coram non judice and void, is no more the subject of such an appeal than would be the judgment rendered by the commissioners in a civil action. An excess of jurisdiction is correctable by certiorari only.

In the case at bar what are the facts as they appear in the record affecting the jurisdiction of the lower court? We have as a part of the petition filed herein a copy of the complaint in the court below and a copy of the summons. In the record sent up by the justice appears the return of the marshal showing service on the defendant. The facts of the case as disclosed by the record would indicate that the court below had jurisdiction. But the demurrer is to the petition on file, on the ground that it does not state sufficient facts. The petition alleges that the court acted without jurisdiction (fifth subdivision) to enter or cause to be entered any judgment whatsoever in such cause. Again it alleges that the court was without jurisdiction, and that the judgment was not supported by any evidence whatsoever. It is further alleged that the court did erroneously exercise its judicial functions. So far as this allegation might affect the petition, the court will not consider it. The only question is, did the court have jurisdiction, and do the allegations of this complaint sufficiently show that the court was without jurisdiction? Considering this matter upon the facts of the complaint, the complaint states the bald con-

clusion that the court was without jurisdiction, but does not plead the ultimate fact from which this conclusion could be drawn. The petition, as a whole, seems to claim that, while the court had a right to enter judgment for return of the property, valued at $750, on default when the defendant failed to answer, the court could not enter judgment for the $50 damages for the wrongful detention of the property without first hearing evidence upon that proposition. Under our statute, it is a question upon which courts differ as to whether a judgment under such circumstances could be entered on default without evidence; but, necessarily, the question of entering judgment in that way was presented to the court and passed on by the court, and if the court had jurisdiction of the person and the subject of the action (which is beyond controversy), is it not equally clear that the action of the court entering judgment in this manner was an error of law occurring on the trial that might have been remedied by appeal, if the party defendant had appeared and tried his case in that court. I am of the opinion that on the summons issued by a court, personal service made, a judgment cannot properly be entered for the amount claimed as damages where the defendants failed to appear, without evidence being offered to show what the damages were. I have already passed upon this feature of the case, and I see no reason now to reconsider in any respect my decision heretofore made.

In the states of Ohio, Kansas, Nebraska, and all the other states following the Ohio Code, every summons in actions for money only has indorsed upon its back: "Plaintiff will take judgment for the sum of $——— if the defendant fails to answer." This is practically the language of the Code of each of these states, so far as I can now recall it without an examination of them. The language, at least, is practically as I have stated it. It is entirely different from the Justice Code of Alaska, but conforms more nearly to the Code of Civil

Procedure, providing for summons in civil cases. I have no question but what a judgment entered under a summons such' as required by the Codes of Ohio, Nebraska, Kansas, or other states having a like Code, or the Code of Civil Procedure of Alaska, would be a valid judgment, but not so a judgment entered under the Justice Code of Alaska.

If we accept the petition in this case as showing, or attempting to show, that the court below exceeded its jurisdiction in entering a judgment for $50 without having sworn witnesses or heard any proof as to the actual damage sustained, and that the only substantial showing of the complaint, it appearing otherwise that personal service was made on the parties defendant, and that they failed to appear, then the court is of the opinion that entering judgment on default, while erroneous, was not an exercise of excessive jurisdiction, the whole case being one within the jurisdiction of the court; the court having a right to enter judgment for the plaintiff for the return of the property and damages. Awarding judgment for damages without evidence was an error of the law, and not exercise of excessive jurisdiction.

Objection is made by the demurrer that the proper parties plaintiff are not joined. It appears that suit was brought in the court below, and judgment taken against Gibson and the Alaska Steamship Company as joint defendants. Gibson alone petitions for the writ of review. It is said that where a judgment is against two defendants jointly, they should join in the application for the writ. 4 Ency. P. & P. 175. In one of the notes cited in support of this proposition it is said:

"The reason why one of two joint defendants is not permitted to prosecute the writ alone, without summoning the other defendant and procuring an order permitting a severance, is that, unless this be done, the other defendant would retain his right to sue out another writ, and would thus have it in his power to harass the plaintiff"—citing Hulick v. Casler (N. J. Sup. 1895) 31 Atl. 223; Bradshaw v. Callaghan, 8 Johns. (N. Y.) 558; Cox v. Haines, 3 N. J. Law, 687.

It is quite evident, I think, that the party to the judgment below, which included both Gibson and the steamship company, should have joined in this application; but the decision of this proposition is not necessary to the determination of this demurrer. The question of laches is hardly before the court upon this demurrer. If that question was raised by the demurrer, I should stand by the judgment that has before been entered in other cases by this court. I think that there is abundant authority for saying that a party may not sleep upon his right, fail to appear when served personally by summons, and then come into this court, and seek to have the case reviewed because of his own negligence and failure to attend to his duty. It is stated in 4 Encyclopedia of Pleading and Practice, p. 64: "The law will not excuse or help the careless or negligent litigant; he sleeps upon his rights, forgets or neglects his duty, at his own peril." Numerous authorities are cited in support of this proposition.

It is said that many excuses may be given for a party's failure to appear at the trial, and to appeal his case thereafter, and some courts have gone to great length in this direction, accepting the most trivial kind of excuses for such failure to appear. While some excuses might be offered, perhaps, for the failure to appear and contest a case, trivial excuses for neglect of duty would hardly be considered by this court; but some excuses might be offered of sufficient importance to challenge the consideration of the court where an injustice has clearly been done. In this case the petition for the writ does not set forth sufficient facts to entitle the plaintiff to the relief prayed for, and for that reason alone the demurrer to the petition is sustained.