AGNES D. IRELAND, EXECUTRIX OF THE ESTATE OF E. A. IRELAND, DECEASED, APPELLANT, *v.* RICHARD MACKINTOSH, RESPONDENT.

STATUTE OF LIMITATIONS—BAR OF—WHEN COMPLETE—SEC. 3143 C. L. U. 1888—EFFECT OF LEGISLATIVE ENACTMENT EXTENDING PERIOD—ON CONTRACTS ALREADY BARRED—S. L. 1897 P. 264— NEW PROMISE—ON BARRED CAUSE OF ACTION—EFFECT OF— BAR OF STATUTE—A VESTED RIGHT—WAIVER OF.

*Statute of Limitations—Bar of—When Complete—Sec. 3143 C. L. U. 1888—Effect of Legislative Enactment Extending Period—On Contracts Already Barred—S. L. 1897 p. 264.*

    M. gave I. his promissory note dated January 2, 1892, due one day after date; at that time and up to March 20, 1897, the

Statute of Limitations on notes, etc., was four years, (Sec. 3143 C. L. U. 1888) but at said last mentioned date the act of the legislature (S. L. 1897, p. 264) changed the period of limitation to six years; August 30, 1898, action was commenced on the note; defendant plead, in bar, the four years statute; plaintiff contends that that statute was expressly and by necessary implication repealed by the amendatory act, that the bar previously existing was removed thereby, and the right of action on said note revived: *Held*, that the bar of the statute was complete at the expiration of four years from the maturity of the note, and *held further* that the subsequent passage of an act by the legislature increasing the period of limitation could not operate to affect or renew a cause of action already barred.[1]

*New Promise—On Barred Cause of Action—Effect of.*

A new promise made after a cause of action barred does not revive the former obligation, but creates a new one, which, in its turn is subject to a bar by lapse of time as an original promise.[2]

*Bar of Statute—A Vested Right—Waiver of.*

Although the bar of the statute of limitations may be waived unless plead, yet until the bar is waived by some act of the party in whose favor it has accrued, the right to interpose it as a defense exists and once having accrued it becomes a vested right which cannot be taken away by legislative enactment.

( Decided July 9, 1900.)

Appeal from the Third District Court Salt Lake County. Hon. A. N. Cherry, *Judge.*

Action upon a promissory note to which defendant plead the Statute of Limitations. From a judgment for defendant plaintiff appealed. *Affirmed.*

---

[1] *Kuhn* v. *Mount*, 13 Utah, 113.

[2] *Anthony* v. *Savage*, 2 Utah, 466; *Gruenberg* v. *Buerhing*, 5 Utah, 414; *Kuhn* v. *Mount*, 13 Utah, 108. See also, *Potter* v. *Ajax Co.*, 19 Utah, 421.

*Messrs. Zane & Rogers,* for appellant.

The appellant's position is, that a statute of limitations when applied to a promise or obligation to pay money, acts upon the remedy and does not annul or rescind the promise or obligation to pay; that when the law is repealed before the presumption of payment under the attending circumstances would arise without the statute, the promise or obligation to pay survives and continues subject to the new law or until such presumption arises. On such a promise or obligation the payee, obligee, or assignee may maintain a suit.

There is a plain distinction between a right of action for a debt or a sum of money and an action to recover the possession of real estate or specific personal property. The right of action in the latter case is to recover the possession of property wrongfully in the possession of another. A right to the property arises from the possession for the term specified in the statute—the title is given by the possession. Not so as to promises or obligations to pay debts. The right of action in such cases is not based on the right of possession. *Campbell, et al.* v. *Holt,* 115 U. S. 628; *Jones* v. *Jones,* 18 Ala. 248; *Carpenter* v. *Matrin,* 4 W. V. 138.

The provisions of the statute upon which the defendant relies is as follows:

Section 3141, Compiled Laws of Utah, 1888:

"The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:"

"An action upon any contract, obligation or liability, founded upon an instrument of writing, except those mentioned in the preceding section."

This statute does not purport to affect the promise to

pay. It simply interposes a bar to the remedy, and that bar being removed by the repeal of the statute, appellant could employ the proper remedy to recover the debt. *Williams* v. *Jones*, 13 East, 439.

Extinction of the remedy does not extinguish the right. The right of action is not barred by the statute of limitations in force at the place of the contract, if it is not barred by the law of the former—the place where the suit is instituted. *Hewitt* v. *Wilcox*, 1 Metcalf (Mass.), 154; *Wood* v. *Kennedy*, 19 Ind. 68; *Welch* v. *Wadsworth*, 30 Conn. 149; *Baugher* v. *Nelson*, 9 Gill. 304; *Smart* v. *Baugh*, 3 J. J. Marsh, 364; *Townsend* v. *Jemison*, 9 How. 407; *Andrews* v. *Russell*, 7 Blackford, 474; Wheeler's Appeal, 45 Conn. 306; *The People* v. *Livingston*, 6 Wend. 526; *Campbell et al.* v. *Holt*, 115 U. S. 625; *Carpenter* v. *Martin*, 4 W. V. 138; *Jones* v. *Jones*, 18 Ala. 248.

*Messrs. Bennett, Harkness, Howat, Sutherland & Van Cott*, for respondent.

Under Sec. 3143, 2 C. L. 224, the cause of action was barred in four years, and if there had been no amendments the plaintiff would have nothing to contend for by this appeal. But in 1897 the legislature passed an amendment to section 3143, and some other sections, all of which took effect May 10, 1897. This latter act appears in the Laws of 1897, pp. 264–5. So far as this case is concerned, the only amendment made by the Laws of 1897 to the Laws of 1888 was section 3143, making the period of limitation six years instead of four years, and the appellant contends that the Laws of 1897 operated as an independent statute, and as an absolute repeal of the act of 1888, instead of merely an amendment to the act of 1888. The act of 1897 purports on its face to amend certain sections

of the act of 1888, and therefore the amendments are to be read into the original act and to be construed in harmony with its provisions. *McKibben* v. *Lester*, 9 Ohio State, 628.

See to the same effect: Endlich on Statutes, Sec. 294; *Conrad* v. *Nalb*, 34 Mich. 275.

The amendments did not affect or repeal any of the other sections of the Laws of 1888, and section 3167 of the latter remained in full force and effect, and the amendments were to be read with reference to this section, which is:

"This title does not extend to actions already commenced, nor to cases where the time prescribed in any existing statute for acquiring a right of barring a remedy has fully run,  *   *   *."

The defense of the statute of limitations is recognized by our supreme court as a just and wise provision of law. *Kuhn* v. *Mount*, Sec. 13 Utah. 113–114; *Board of Education* v. *Blodgett*, Sec. 40 N. E. Rep. 1027.

BASKIN, J.

It appears that on the 2d day of January, 1892, the the respondent executed his promissory note to E. A. Ireland for $5275, payable one day after date; that the said Ireland died on the 14th day of May, 1898, and the appellant on the 16th day of July, 1898, was duly appointed executrix of the will of the decedent; that on the 30th day of August following she, as such executrix, instituted this suit to recover of the respondent the amount of said note. The respondent answered that the cause of action set up in the complaint was barred by Sec. 3143 of the Code of Civil Procedure, Vol. 2, C. L. U. 1888, p. 224. The period of limitation under this section was four years. The trial court found that the action

was barred, and rendered judgment against the appellant, as executrix for the costs.

By an act of the State Legislature, Sess. Laws, 1897, p. 264, Approved March 20, 1897, the aforesaid section was amended in the following manner, to-wit: "Sec. 3148 of the Compiled Laws of Utah, 1888, is hereby amended to read as follows: * * * An action upon any contract, obligation, or liability founded upon any instrument in writing, except those mentioned in the preceding section, within six years." The exception referred to relates to judgment and decrees. Sec. 3141, of the same act which contains the section so amended provided that "The periods prescribed for the commencement of actions other than the recovery of real property, are as follows: The period relating to promissory notes which followed was that prescribed in section 3143, and was four years after the cause of action had accrued. Sec. 5 of the amendatory act provides that "All acts and parts of acts in conflict herewith are hereby repealed."

Appellant's counsel state in their brief that "The right to sue on the note was barred under Sec. 3143, from January 3, 1896, until March 20, 1897," but contend that said section was, expressly and by necessary implication, repealed by the amendatory act approved March 20, 1897, and that the bar which previously existed was thereby removed, and the right of action on said note was revived. In support of this contention reliance was had mainly upon the decision of the Supreme Court of the United States, in the case of *Campbell* v. *Holt*, 115 U. S. 620, in which it was decided that while "It may very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the statute of limitations by a legislative act passed after the bar has become perfect, such act deprives the party of

his property without due process of law." Yet no one has property in the bar of the statute as a defense to a promise to pay a debt, and that such a bar may be removed by the repeal of the statute.

Justices Bradley and Harlan in a dissenting opinion held that when the statute of limitations gives a man a defense to an action, and that defense has absolutely arisen, it is a vested right in the place where it has accrued, and is an absolute bar to the action there, and is protected by the Fourteenth Amendment to the Constitution from legislative aggression. While the majority opinion in that case is supported by a few of the state courts, a much greater number sustain the minority opinion. 18 Am. & Eng. Ency. of Law, (1st ed.) 700; 1 Wood on Limitations, Secs. 11 and 12.

The question has not, heretofore, been raised in this court, but in the case of ·Kuhn v. Mount, 13 Utah, 113, this court, in regard to the statute of limitations, said: "In determining the question here presented, due regard must be given to the purpose and object of the statute. The law is wise and beneficial, and its objects ought not to be defeated by interpretation. It is entitled to the same respect as other statutes, and ought to be enforced, not only on the presumption arising from lapse of time, that the debt has been paid, but because it is essentially a · statute of repose. It affords protection against ancient demands, whether originally well founded or not, and serves as a warning against the consequences of laches."

In determining the question now under consideration the object, which the statute was passed to attain, should be kept in view, and the construction which will most effectually accomplish the purpose of the statute should be adopted.

The purpose of the statute is the same both in cases in-

volving the title to tangible property, and in cases relating to the enforcement of the obligations of contracts.

The object of the statute is attained by depriving the party, having a cause of action, of the right to recover thereon after a prescribed period has expired, and consequentially furnishes the adverse party with a defense to the action. It is clear that unless this defense is a vested, permanent right the statute of limitations cannot be one of repose, because it is by virtue of the permanency of this right that the ends of the statute are accomplished both in cases relating to titles to property and those relating to contracts.

In cases relating to the title of tangible property, upon the expiration of the period prescribed by the statute, the legal title of the owner is divested and passed to the adverse party; not however by purchase or grant, but by virtue of the fact that the adverse party, under the statute, is vested with a permanent defense which secures and renders absolute his possession in which is merged the title to the property which is adversely held. Such a possession in and of itself is title of the highest order. 3. Washburn on Real Prop. (5th ed.) 144–176.

The primary object of the statute is not the acquisition of titles, but from considerations of public policy, to prevent the enforcement of stale claims. The acquisition of tangible property is simply an incidental result of the defense of the statute of limitations, only, when the possession of tangible property is involved; but when the statute is applicable to contracts the defense accomplishes the purpose of the statute directly by permanently barring the stale claim.

Certainly, it cannot be claimed, with any show of reason, or support of authority, that the statute was intended, only, to bar such claims temporarily; because

such a limitation instead of remedying would augment the evil which the statute was passed to cure. It is therefore evident that it was the intention of the legislature to secure to adverse parties, not temporary, but permanent repose in all actions to which the statute is applicable after the expiration of the period prescribed, and as it is firmly established that the legislature possesses the power to permanently bar such claims, in the absence of any provision showing a contrary design, the acts of the legislature should be construed so as to carry out its intention, which, we are of the opinion, is clearly shown by the purpose of limitation laws.

In cases relating to the enforcement of contracts the question of adverse possession is not involved, and therefore in these cases no title to property can be acquired by virtue of the statutory defense; but it does not follow from that fact that the obligor acquires no vested right in the defense of the statute upon the expiration of the statutory period, for as before stated, the object in no instance is the acquisition of titles, but in all cases, whether relating to tangible property or to obligations, the purpose of the statute and its provisions are the same. How, then, can any distinction, as to the effect of the statute, regarding the question under consideration, be reasonably made?

The decisions which make a distinction between the cases in which titles to property are acquired, under the statute, and those relating to debts, base the distinction upon the ground that a vested interest in property is acquired which the legislature is powerless to disturb. This ground is untenable because the vested interest in the property acquired simply results from the adverse parties vested right in the statutory defense. In the absence of such vested right, the acquisition of a title to property under the statute would be impossible.

Where a particular cause of action is barred by the lapse of time, the statute in that instance has fully accomplished the purpose intended, and in instances of debt, the obligor is thereby armed with a defense which, while it does not pay the debt, destroys the right of the obligee to recover, and also the legal, though not the moral obligation of the obligor to pay. These results necessarily arise from the nature of both legal obligations and the statute of limitations.

In Sutherland on Stat. Const. Sec. 471, it is stated that "The obligation of a contract is the law which binds the parties to perform their agreement. It is the means provided by law by which it can be enforced,—by which the parties can be obliged to perform it. The laws which exist at the time and place of making a contract determine its validity, construction, discharge and measure of efficiency for its enforcement." This statement is sustained by the following authorities: Black's Const. Law, p. 524; Cooley's Const. Lim. (6th ed.) 344; *Ogden* v. *Saunders*, 12 Wheat. 213; *Louisiana* v. *New Orleans*, 102 U. S. 203; *Walker* v. *Whitehead*, 16 Wall. 314, 317; *Edwards* v. *Kearsay*, 96 U. S. 595, 600.

In *Louisiana* v. *New Orleans, supra*, 206, the court says: "The obligations of a contract, in the constitutional sense is the means provided by law by which it can be enforced—by which the parties can be obliged to perform it."

In *Walker* v. *Whitehead, supra*, 317, it is said: "The laws which exist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it. This embraces alike those which affect its validity, construction, discharge, and enforcement. Nothing is more material to the obligation of a contract than the means of its enforcement."

In *Ogden* v. *Saunders, supra*, 281, Mr. Justice John-

22 Utah—20.

son, in the opinion delivered by him, said: "Right and obligation are considered by all ethical writers as co-relative terms."

It follows from the foregoing definitions that whenever the legal remedy is barred by the statute the previous legal right and legal obligation no longer exist. Certainly where there is no remedy there is no legal obligation, and as legal rights and legal obligations are co-relative terms, in the absence of one the other cannot exist.

Judge Story in *Le Roy* v. *Crowninshield*, 2 Mason, 172, said: "I am not aware that in any exact legal sense a right can be said to subsist upon a contract, where the law has taken away all power of enforcing its obligation by any remedy."

In Cooley's Const. Lim. (6th ed.) 454, it is said: "It is certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from a demand by the operation of the statute of limitations is equally protected. In both cases the demand is gone, and to restore it would be to create a new contract for the parties,—a thing quite beyond the power of legislation."

Therefore the note in question upon the expiration of the statutory period ceased to have any binding efficacy in this state other than that moral obligation which, though it might constitute a sufficient consideration for a new promise would not in the face of the statute support an action on the original obligation to pay. A new promise, however, does not revive the former obligation, but creates a new one, and no recovery can be had except in an action based upon the new promise instituted within the period prescribed by the statute. *Anthony* v. *Savage*, 2 Utah, 466; *Gruenberg* v. *Buerhing*, 5 Utah, 414; *Kuhn* v. *Mount*, 13 Utah, 108.

This, as stated by Judge Story in *LeRoy* v. *Crownin-shield*, 2 Mason, 170, results not from "a strict legal right in the creditor, which he may enforce against the will of the debtor, but upon the notion, that there still exists, notwithstanding the statutable prescription, a moral obligation, binding in *foro conscientiæ*, which, if recognized by the debtor, or discharged by him, repels any imputation that the transaction is a *nude pact* without consideration. Payment, therefore, by the debtor, once made, cannot be recalled, for it is an equitable and honest act, and founded in moral obligation. But still there is not, strictly speaking, any right in the creditor to claim payment, for the law has made the bar if pleaded, an estoppel of the right. Such right is technically extinguished in contemplation of law by the presumption of extinction, until the debtor himself negatives the presumption, by some act or admission. * * * It is plain, therefore, that when the remedy is said to be extinguished by a prescription, and not the right, we are not to understand the term 'right,' in its technical sense, but merely as a moral obligation and claim in natural justice. In the common law, a right always supposes some mode by which it can be enforced."

It is conceded by counsel for the appellant that the right to sue on the note was barred from January 3, 1896, until March 20, 1897.

If it be conceded that the legislature can remove the bar after it has existed for a period of that length, or any time after it has arisen, and thereby revive the action, it follows that it may do so at its pleasure, at any time however remote.

"The common law (has) fixed no time as to the bringing of actions. Limitations derive their authority from statutes." (*United States* v. *Thompson*, 98 U. S. 490.)

And in the absence of statutes "there can be no bar arising from lapse of time" *Hanenstine* v. *Lynham,* 100 U. S. 487–488; 1 Wood on Lim. Secs. 1 and 2.

Unless, therefore, the right to interpose the defense of the statute, in the place where the bar has occurred, be held to be a vested permanent right, a stale claim which has remained barred for more than twenty years, if after that time the statute shall have been removed, may be enforced. It is true that the lapse of twenty years after a cause of action has accrued raises the presumption of payment both in equity and at common law, but this presumption may be overcome by evidence. Its only effect is, that the burden of rebutting it is cast upon the plaintiff. This presumption of payment may be overcome by evidence which would be wholly insufficient as against the general statute of limitations, as if non-payment is established by an admission of indebtedness, although such admission is accompanied by refusal to pay and denial of liability to pay; yet the presumption is defeated. 1 Wood on Lim. Sec. 2; *Walker* v. *Robinson,* 136 Mass. 280; Bentley's Appeal, 99 Pa. St. 500.

When the enforcement of stale claims had become a great public evil, and time had demonstrated that this presumption of payment was not an adequate protection against the evil, the statute of 21 James I. as a measure of public policy and "tending to the peace and welfare of society" was enacted for the sole purpose of fixing a definite period at which claims should become stale, and an action based thereon should become absolutely barred. This bar, however, like other defenses, may be waived. Like the defense of a discharge from a debt in bankruptcy, the bar of the statute of limitations is waived if not plead, but until the bar is waived by some act of the party in whose favor it has accrued the right to interpose it as a defense exists.

Although the statute of 21 James I. failed to mention actions of assumpsit it was construed by the courts as embracing such actions by fair intendment, and as coming within the reason of the statute. 1 Wood on Lim. Sec. 16, p. 50.

This statute, in substance, has been enacted in all the states of the union.

The purpose of the statute of limitations is aptly stated in section 576 Story's Conflict of Laws, in this language:

"Laws, thus limiting suits, are founded in the noblest policy. They are statutes of repose, to quiet titles, to suppress frauds, and to supply the deficiency of proofs, arising from the ambiguity and obscurity, or the antiquity of transactions. They proceed upon the presumption, that claims are extinguished whenever they are not litigated in the proper forum, within the prescribed period. They take away all solid grounds of complaint; because they rest on the negligence or laches of the party himself."

It is apparent that the construction contended for by counsel for the appellant is not consistent with that purpose, and would defeat the attainment of repose, in an action of assumpsit, however stale the claim might be.

It is a rule of construction that statutes "are to be so construed as to have a prospective effect merely, and will not be permitted to effect past transactions, unless such intention is clearly and unequivocally expressed * * * but upon the theory that the statute only relates to the remedy, it would seem that it is competent for the legislature to repeal the statute *in toto*, and make such repeal operate as to all existing claims upon which the statute has not run." 1 Wood on Lim. Sec. 11, p. 41, 42 and N. 3; Sutherland on Stat. Const. 464; *Pitman* v. *Bump*, 5 Ore. 17; *Potter* v. *Ajax Min. Co.*, 19 Utah, 421.

The amendatory act of March 20, 1897, neither by its

expressed terms, òr by intendment, show that the legislature intended to revive causes of action which had before the passage of that act become barred.

We are clearly of the opinion, first, that it was not the intention of the legislature to revive causes of action on claims which had previously become stale and against which the statute had fully run; and, second, that when appellant's right of action on the note in question became barred, under the previous statute, the respondent acquired a vested right in this state, to plead that statute as a defense and bar to the action.

Among the numerous authorities which sustain the latter view, are the following: *Board of Education* v. *Blodgett*, 40 N. E. 1025; *McCracken County* v. *Mercantile Trust Co.*, 84 Ky. 344; 1 Wood on Lim., Sec. 11, p. 36, *et seq.;* Buswell on Lim., Sec. 14; Bishop on Contracts (ed. of 1887), Sec. 1410; Bishop on Stat. Crimes, Sec. 265; Sutherland on Stat. Const., Sec. 480.

It is ordered that the judgment of the court below be affirmed, and that the appellant pay the costs.

BARTCH, C. J., and MINER, J., concur.