# McCARREY v. UTAH STATE TEACHERS' RETIREMENT BOARD et al.

No. 6939. Decided February 3, 1947. (177 P. 2d 725.)

See 56 C. J. Schools and School Districts, sec. 397; 40 Am. Jur., 963. Increase of pension benefits as applicable to those already receiving benefits, note, 118 A. L. R. 992. See, also, 40 Am. Jur. 988.

M. C. *Harris*, of Logan, for plaintiff.

*Grover A. Giles*, Atty. Gen., *Calvin Rampton*, and *O. N. Ottoson*, Deputy Attys. Gen., for defendants.

WOLFE, Justice

This is an original action in mandamus to compel the Utah State Teachers' Retirement Board to compute plaintiff's teacher retirement benefits on the basis of 36 years of service instead of 18 years of service.

Plaintiff taught in the public schools of this state from 1903 to 1905 and from 1925 to 1942, a total of 18 years. From 1907 to 1925, a total of 18 years, she was a teacher at Brigham Young College at Logan, Utah. During the time she taught at Brigham Young College that school was not a public school but was owned, operated and maintained by the Church of Jesus Christ of Latter Day Saints. Credits from the Brigham Young College were approved and accepted by the University of Utah, the Utah State Agricultural College and the State Board of Education.

Plaintiff became a contributing member of the State Teachers' Retirement System prior to July 31, 1938, and continued to be a contributing member until June 1, 1942, when she was retired. By her retirement she ceased to be a member of the Teachers' Retirement System. Section 75-29-34, U. C. A. 1943.

From the effective date of her retirement the plaintiff began receiving monthly retirement benefits from the Teachers' Retirement System based upon the 18 years of teaching service in the public school system. The law in effect in 1943 when the plaintiff retired provided that teachers' retirement benefits were to be based on the years of service in the public schools only.

The legislature in 1945 amended the Teachers' Retirement Act (Sections 19-53, Chapter 29, Title 75, U. C. A., 1943). It expanded the definition of "teacher" to include in addition to teachers in the public schools a person

"who taught in schools of this state whose credits were approved by the University of Utah or the Utah State Agricultural College or the State Board of Education and who became contributing members of the state teachers' retirement system prior to July 31, 1938."

The definition of "service" was enlarged to include not only service in the public school system but also in all schools whose credits were approved by the University of Utah, the Utah State Agricultural College or the State Board of Education. 75-29-21.

Plaintiff contends that the 1945 amendment entitles her to retirement benefits computed on the basis of 36 years of service, that is, the total years served in the public school system plus the years served in Brigham Young College instead of merely for the 18 years of service in the public school system as allowed by the Board.

The purpose of the Teachers' Retirement Act is to attract to and retain in the public school system qualified and experienced persons as teachers. *Driggs* v. *Utah State Teachers' Retirement Board*, 1943, 105 Utah 417, 142 P. 2d 657.

Amendments to the Teachers' Retirement Act which increase the retirement benefits clearly increase the inducement to teachers in the system to continue to serve and increase the inducement to qualified persons outside the system to become members thereof.

However, increases in the benefits to teachers who have already retired do not substantially tend to attract qualified persons to the system or to induce members of the system to remain therein. Increases in benefits of persons who have previously retired do not substantially aid in the fulfillment of the purposes of the act.

Ordinarily legislative enactments are intended to operate prospectively and not retrospectively. As said in 50 Am. Jur. 494, Statutes, Section 478:

"The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively. Indeed, the general rule is that they are to be so construed, where they are susceptible of such interpretation and the intention of the legislature can be satisfied thereby, where such interpretation does not produce results which the legislature may be presumed not to have intended, and where the intention of the legislature to make the statute retroactive is not stated in express terms, or clearly, explicitly, positively, unequivocally, unmistakably, and unambiguously shown by necessary implication or terms which permit no other meaning to be annexed to them, preclude all question in regard thereto, and leave no reasonable doubt thereof. Ordinarily, an intention to give a statute a retroactive operation will not be inferred. If it is doubtful whether the statute or amendment was intended to operate retrospectively, the doubt would be resolved against such operation.  *  *  *."

It is our opinion that the legislature did not intend the here involved portions of the 1945 amendment to the Teachers' Retirement Act to have any effect on the amount of benefits payable to persons who had retired and who were no longer members of the public school system when the amendment became effective. The portion of the amendment of 1945 here involved applies to persons who taught in non-public schools of this state the credits of which were approved by the University of Utah or the Utah State Agricultural College or the Board of Education and who prior to July 31, 1938 had become attached as teachers to the public school system and prior to that date had become contributing members of the Retirement System and who had not before May 8, 1945 (the effective date of the 1945 amendment) ceased to be members of the Retirement System.

Our holding as above makes it unnecessary to express any opinion on the constitutionality of the amendment had it been construed as retrospective in effect. For the same reason we reserve opinion on the constitutional question, which might arise if the amendment is construed as mak-

ing years of service in non-public schools part of the measure of the benefits under the Act.

The alternative writ of mandamus is recalled and the case is dismissed. The parties to bear their own costs.

McDONOUGH, C. J., and PRATT, WADE, and LATIMER, JJ., concur.