Michelle McGUIRE and Paul McGuire,
Plaintiffs and Appellants,

v.

UNIVERSITY OF UTAH MEDICAL CEN-
TER, Harrison Lazarus, E. D. Slawson
and John and Jane Does I through X,
Defendants and Respondents.

Aline Babette HACKNEY, Jack Lee Han-
cock, Robert Aaron Hancock and Eileen
Hancock, individually and as Guardian
ad Litem for Paul Ivan Hancock, Mat-
thew Green Hancock and David Law-
rence Hancock, Plaintiffs and Appel-
lants,

v.

RUMEL CHEST CLINIC, Harold V. Lid-
dle, Richard J. Nelson and Quinton S.
Harris, Defendants and Respondents.

Zeblen V. WHITE, by and through his
Guardian ad Litem, Dorene Zundel,
Plaintiff and Appellant,

v.

INTERMOUNTAIN HEALTH CARE,
INC., et al., Defendants and
Respondents.

Larry CLEGHORN, Plaintiff
and Appellant,

v.

Dr. SCHOW, Dr. Wilfert, T. Kenneth Or-
ton, Boyd G. Holbrook, Thomas D. Noo-
nan, John Doe, and St. Mark's Hospital,
Defendants and Respondents.

Nos. 15984, 16252, 16266 and 16329.

Supreme Court of Utah.

Nov. 1, 1979.

Jackson Howard of Howard, Lewis & Petersen, Provo, for McGuire.

D. Gary Christian of Kipp & Christian, Merlin Lybbert of Snow, Christensen & Martineau, Salt Lake City, for University Medical Center.

Richard F. Bojanowski, Salt Lake City, for Hackney et al.

John H. Snow of Snow, Christensen & Martineau, Salt Lake City, for Rumel Clinic.

R. M. Child, Salt Lake City, for Harris and Nelson.

Robert F. Orton of Hansen & Orton, Salt Lake City, for White.

Larry R. White of Kirton & McConkie, Ramon M. Child, Salt Lake City, for Intermountain Health Care.

Richard W. Giauque and Ross C. Anderson of Berman & Giauque, Salt Lake City, for Cleghorn.

R. M. Child, Salt Lake City, for Orton.

J. Anthony Eyre of Kipp & Christian, John H. Snow of Snow, Christensen & Martineau, Salt Lake City, for Schow et al.

STEWART, Justice:

The appeals in the above four cases are from orders of trial courts dismissing malpractice actions pursuant to the Utah Health Care Malpractice Act. In each case the claim for relief alleged arose prior to the effective date of the Malpractice Act, and an action was filed within the time permitted by the appropriate statute of limitations. No notice of intent to sue under § 78–14–8 of that Act was filed prior to the commencement of the actions.[1] Each case

1. In Case No. 15984 the claim arose October 12, 1974. The complaint alleges that the injury was not discovered until December 30, 1975. A complaint was filed September 9, 1977. On July 19, 1978, the trial court dismissed the complaint against the University of Utah Medical Center and E. D. Slawson and against the defendant Harrison Lazarus with prejudice for failure to file a notice of intent to sue. The appeal is from judgment of dismissal.

In Case No. 16266 the alleged injuries occurred April 18, 1975, and the complaint was filed April 18, 1977. It was subsequently dismissed without prejudice and refiled January 17, 1978. A motion to dismiss based on the statute of limitations was denied March 15, 1978, on the ground that the action had been filed within one year of a voluntary dismissal pursuant to Rule 41, U.R.C.P., and that the refiling was permitted by the tolling provision of § 78–12–40. However, the case was dismissed for failure to file a notice of intent to sue without prejudice to plaintiff's right to refile. A notice of intent to sue was served on Health Services Corporation and Intermountain Health Care, Inc., on May 4, 1978, and on defendant Peter S. Quintero on May 5, 1978. On September 28, 1978, a guardian ad litem was appointed to represent the plaintiff, who, for the first time, alleged mental incompetency. On the same date plaintiff filed a third complaint, Civil No. C–78–6121. Motions for summary judgment were granted December 21, 1978. In granting summary judgment the trial court wrote a memorandum opinion, for which we are indebted. The trial court expressly ruled that § 78–12–40 was not applicable because failure to file a notice of intent to sue made the filing of the complaint void ab initio and hence an action had not been timely "commenced" as required by the one-year tolling statute, § 78–12–40. *Foil v. Ballinger,* Utah, 601 P.2d 144 (1979), held otherwise. The appeal is from the summary judgment.

Case No. 16252 is an action for damages for wrongful death. The death occurred February 15, 1976. On February 9, 1978, plaintiffs filed a complaint. It was dismissed without prejudice for failure to file a notice of intent to sue. Plaintiffs thereafter served a notice and refiled their action within one year from the dismissal. Thereafter, another trial judge granted a summary judgment in favor of Rumel Chest Clinic and Quinton S. Harris on the ground that no action had been properly "commenced" within

was dismissed by the trial court for failure of the plaintiff to file a notice. The dismissals were based upon this Court's decision in *Vealey v. Clegg,* Utah, 579 P.2d 919 (1978), which held that § 78–14–8, the provision requiring service of a notice of intent to sue, was retroactive. In Nos. 16266 and 16252 the actions were refiled pursuant to § 78–12–40 which extends the statute of limitations in cases which are commenced within the time allowed by the appropriate statute of limitations but are dismissed on grounds other than the merits of the claims. The trial courts also dismissed the second actions with prejudice, holding that the notice to sue provision was retroactive and that the actions which had been filed within the appropriate statute of limitations were not "commenced" within the time allowed and not subject to the saving provision of § 78–12–40.

■ The cases were briefed separately by the parties and were consolidated by order of the Court for purposes of oral argument. On September 19, 1979, the Court decided *Foil v. Ballinger,* 601 P.2d 144, which, insofar as pertinent here, holds that § 78–14–8, by virtue of the amendment thereof passed by the 1979 Legislature, 1979 Utah Laws, Chapter 128, was not retroactive to causes of action arising prior to the effective date of the Health Care Malpractice Act (April 1, 1976). The clarifying amendment, under the holding of *Foil,* applies to all pending actions, including those on appeal. In addition, *Foil* held that the retroactivity of the amendment did not violate due process. *Foil* is therefore dispositive of the issues raised on these appeals, except for two issues raised only in the present case.

■ A claim made in one or more of the above cases, and not addressed in *Foil,* is that the 1979 amendment is unconstitutional because it violates Article VI, § 26 of the Utah Constitution, which provides: "No private or special law shall be enacted where a general law can be applicable." The contention is that the amendment, which provides that the notice to sue provision was not applicable to causes of action arising prior to enactment of the Health Care Malpractice Act and which in effect overruled *Vealey v. Clegg,* is special legislation.

That contention cannot withstand analysis. In *Utah Farm Bureau Insurance Co. v. Utah Insurance Guaranty Association,* Utah, 564 P.2d 751 (1977), this Court defined a general law as one which applies to and operates uniformly upon all members of any class of persons. The 1979 amendment clearly operates uniformly upon a class of persons: all persons having a cause of action arising prior to the effective date of the Malpractice Act whether they have been filed or not. It does not apply just to the plaintiffs in the cases which are or have been before this Court; nor does it only apply to cases pending before any court as of the effective date of amendment. The amendment therefore stands on the same basis, as to the generality of its application, as does the original notice of intent to sue provision and the statute of limitations provision in the Act. The statute of limitations of that Act was expressly made retroactive by the terms of the Act and the notice of intent to sue by judicial

the two-year limitation period and that the savings provision of § 78–12–40 was not therefore applicable. Defendants Harold V. Little and Quinton S. Harris obtained an order of dismissal with prejudice December 18, 1978, after an earlier action had been dismissed without prejudice by a different trial judge for failure to serve a notice. The appeal is from the judgments of dismissal.

In Case No. 16329 a complaint was filed January 24, 1978, based on injuries alleged to have occurred in January and February 1976. On January 27, 1978, a notice of intent to sue, along with a summons and a complaint which had been filed January 24, 1978, was served on

Dr. T. Kenneth Orton. On December 20, 1978, a judgment of dismissal as to Orton was entered. The suit against Dr. James N. Wilfert, who was served with a notice of intent to sue and the summons and complaint on January 24, 1978, was also dismissed December 20, 1978. The ground for the dismissals was that the action against the two had not been properly commenced because of failure to file the notice of intent 90 days before the complaint was filed. On January 22 and 24, 1979, the district court granted plaintiff's motions for Rule 54(b) determinations of finality of the judgments. An appeal was filed from the judgments in favor of Orton and Wilfert.

construction. Those provisions clearly affected all causes of action, whether filed or not, which existed at the time of the passage of the Act. The amendment stands on no different footing.

The amendment does not rest on an arbitrary classification; it makes no invidious discrimination, and it applies uniformly to all within the class. The amendment merely differentiates between those classes of persons to whom the notice of intent to sue provision applies and those to whom it does not apply based on the effective date of the Malpractice Act. It is within the power of the Legislature to make such a classification when enacting clarifying legislation designed to avoid hardship and injustice. The principle of notice and fair play are sufficient to justify the classification in this case. Indeed it would be anomalous to hold that legislation designed to clarify a previous enactment is special legislation unless the earlier enactment were also special legislation. See also *State v. Kallas*, 97 Utah 492, 94 P.2d 414 (1939).

The further contention is made that the 1979 amendment violates Article VI, § 23 of the Utah Constitution. That provision provides: "[N]o bill shall be passed containing more than one subject, which shall be clearly expressed in its title." The title synopsis of the amendment provides as follows:

An act amending Sections 78–14–4 and 78–14–8, Utah Code Annotated 1953, as enacted by Chapter 23, Laws of Utah 1976; relating to Health Care Malpractice; providing that the legal disability of an individual shall not act to extend the statute of limitations set forth in that section; providing that notices of intent to bring malpractice actions be signed by the plaintiff or his attorney; providing that the notice may be served by certified mail; and extending the time for commencement of actions where the notice is served less than 90 days prior to the expiration of the statute of limitations.

Specifically, it is contended that this synopsis does not include the provision of the amendment which deals with the notice requirement. The contention is made that the title of a bill must describe each and every change in the law which is contained in the Bill. The contention is untenable; it would create the possibility of great mischief in the legislative process. The Legislature would be required to draft titles with as much care as they must expend on the substance of the laws passed, and if they did not, legislative enactments would constantly be attacked in the courts. The Legislature should not be burdened with an overly-rigid interpretation of a basically salubrious constitutional principle, and the law does not so require. Obviously a fair synopsis serves a useful purpose of alerting legislators to the content of a bill, especially in a legislature with limited sessions and limited staff personnel. But fair notice of the content of a bill is all that is constitutionally required.

The legal issue in this case is controlled by *Edler v. Edwards*, 34 Utah 13, 95 P. 367 (1908). In *Edler* this Court held that the constitutional provision above cited should be liberally construed and that no act should be held invalid under that provision unless the validity is clearly and manifestly established. This Court stated:

If, therefore, by any reasonable construction, the title of the act can be made to conform to the constitutional requirement, it is the duty of the courts to adopt this construction rather than another . . . . In case of doubt it must be assumed that the Legislature understood and applied the title so as to comply with the constitutional provision, and not contrary thereto. 34 Utah at 19, 95 P. at 368.

Dispositive of this issue is the rule stated in *Edler* that it is sufficient for the title of an act amending a previous act simply to specify the section to be amended without indicating the subject matter of the section. " 'Under such a title any legislation is proper which is germane to the section specified.' " 34 Utah at 20, 95 P. at 368. In the instant case the title synopsis indicates that §§ 78–14–4 and 78–14–8 of the Health Care Malpractice Act were to be amended. Nothing more was necessary; the addition-

al specifications included in the title synopsis were not necessary and from a legal point of view constitute nothing more than a convenience to the legislators. In addition, it may be added that the floor debates referred to in *Foil* clearly focused directly on the retroactivity provision. The amendment is not in violation of Article VI, § 23.

In addition, several of the defendants in these actions contend that retroactive application of the amendment deprives them of a vested interest and hence is unconstitutional. They cite *Ireland v. Mackintosh*, 22 Utah 296, 61 P. 901 (1900), and *In Re Swan's Estate*, 95 Utah 408, 79 P.2d 999 (1938), which hold that a right to plead a defense of statute of limitations may become a vested right which cannot be impaired without denying due process of law.[2] These cases are, however, clearly distinguishable from the instant cases. In each of these cases a statute of limitations had run on a cause of action, and a subsequent change in the law enlarged the limitations period, making it possible for plaintiff to file an action that under the old law would have been barred. In the instant cases the notice of intent to sue provision is not a statute of limitations, *Foil v. Ballinger, supra*, and did not have the effect of barring any of the actions filed; hence, none of the defendants acquired any vested rights thereunder.

Based on the foregoing and the holding in *Foil v. Ballinger, supra*, the judgments in No. 15984, No. 16252, No. 16266, and No. 16329 are reversed and the cases remanded for further proceedings. Costs to Appellants.

CROCKETT, C. J., and HALL and MAUGHAN, JJ., and JOHN F. WAHLQUIST, District Judge, concur.

WILKINS, J., having disqualified himself, does not participate herein.

2. Defendants also cite *Greenhalgh v. Payson City*, Utah, 530 P.2d 799 (1974); and *Del Monte Corporation v. Moore*, Utah, 580 P.2d 224 (1978), to support their contention. These cases, however, involved causes of action that

were still alive when the Legislature enacted a new statute of limitations, and there was therefore no bar creating a vested right in the defendants.