Mechelle **ROARK**, Plaintiff and Appellant,

v.

Jack **CRABTREE** and John Doe, Defendants and Appellee.

No. 940052.

Supreme Court of Utah.

April 17, 1995.

---

David K. Isom and Kenneth W. Maxwell, Salt Lake City, for Roark.

John E.S. Robson and Hugh M. Matheson, Salt Lake City, for Crabtree.

RUSSON, Justice:

Plaintiff Mechelle Roark appeals from the trial court's order granting defendant Jack Crabtree's motion to dismiss her complaint for failure to state a claim upon which relief can be granted pursuant to Utah Rule of Civil Procedure 12(b)(6).[1] Roark claims that the trial court erred in refusing to apply Utah Code Ann. § 78–12–25.1 retroactively to her claims against Crabtree. We affirm.

In reviewing the trial court's decision to grant Crabtree's rule 12(b)(6) motion, we

---

1. Roark's lawsuit was initiated against defendant Crabtree and John Doe, an unknown co-defendant. As John Doe was never specifically named or properly served, he is not a party to this appeal. Therefore, we will refer to the defending party in the singular for the remainder of this opinion.

accept Roark's factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to her position. *See Prows v. State*, 822 P.2d 764, 766 (Utah 1991); *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). Accordingly, we recite the facts in a light most favorable to plaintiff. *Id.*

## FACTS

Roark asserts that in 1974 and 1975, when she was fifteen and sixteen years old, Crabtree raped and sexually abused her. She also contends that in 1975, Crabtree conspired with and aided an unknown individual in raping and sexually abusing her. Pursuant to Utah Code Ann. § 78–12–36, the statutes of limitations for any civil actions Roark may have had relating to the sexual abuse were tolled until she turned eighteen years of age. Consequently, from the date on which she turned eighteen, Roark had one year to bring her claim for assault and battery and four years in which to bring her claim for intentional infliction of emotional distress. Roark turned eighteen on December 1, 1976, and therefore was required to file suit no later than December 1, 1980. Utah Code Ann. §§ 78–12–25(3),[2] –29(4). No lawsuit was filed by that date.

In 1992, the Utah legislature passed Utah Code Ann. § 78–12–25.1, entitled "Civil Actions for Sexual Abuse of a Child."[3] This section allows a person to file a civil action for intentional or negligent sexual abuse suffered as a child within four years after discovery of the sexual abuse. Utah Code Ann. § 78–12–25.1(2)(b) (Supp.1994).

On September 1, 1993, Roark filed a civil lawsuit against Crabtree for the events which occurred in 1974 and 1975 relying on the newly enacted section 78–12–25.1 as the basis for her claims. In her complaint, Roark asserted causes of action for (1) assault and battery, (2) intentional infliction of emotional distress, (3) sexual abuse of a child, and (4) vicarious liability for an unknown individual's rape and sexual abuse of a child. She alleged therein that as a direct and proximate result of the sexual abuse, she "has suffered and will continue to suffer extreme mental and emotional distress and other damages."

Roark does not contend that she repressed any knowledge that the rapes and abuse had taken place but rather contends that she repressed any understanding that these acts were the cause of the severe emotional distress from which she is suffering. She asserts that she recently discovered, through therapy, that the rapes and sexual abuse were the cause of her emotional injuries. According to Roark, this discovery took place after the enactment of section 78–12–25.1.

Crabtree moved under Utah Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that Roark's claims were time barred under the pre–1992 statutes of limitations and that section 78–12–25.1 could not be applied retroactively to revive those claims. The trial court granted Crabtree's motion, holding:

> The longest time period under the statutes of limitation then in effect for any claims related to the alleged sexual abuse was the general statute of limitation, Utah Code Ann. § 78–12–25(3), and any and all causes of action which the plaintiff may have had were time barred no later than December 1, 1980.

Roark appeals, claiming that section 78–12–25.1 applies retroactively to her assault and battery and outrageous conduct claims because (1) the legislative history clearly indicates that this section was enacted to provide an immediate remedy to adult survivors of past sexual abuse, and (2) it is a procedural statute.[4]

---

**2.** While the time limits prescribed by the applicable statutes of limitations have not changed, at the time Roark reached the age of majority section 78–12–25(3) was codified at Utah Code Ann. § 78–12–25(2) (1953).

**3.** This section became effective on April 27, 1992, pursuant to article VI, section 25 of the Utah Constitution.

**4.** In addition, Roark contends that section 78–12–25.1 created a new cause of action entitled "sexual abuse of a child." However, chapter 12 of Title 78, "Limitations of Actions," addresses solely the applicable statutes of limitations for various causes of action. Section 78–12–25.1 extends the statutory period for a specific type of assault and battery, namely, sexual abuse of a

STANDARD OF REVIEW

 A trial court may dismiss an action under rule 12(b)(6) only if it clearly appears that the plaintiff is not "entitled to relief under the facts alleged or under any state of facts [she] could prove to support [her] claim." *Prows v. State,* 822 P.2d 764, 766 (Utah 1991) (citing *Colman v. Utah State Land Bd.,* 795 P.2d 622, 624 (Utah 1990)). Thus, we will affirm the dismissal "only if it is apparent that as a matter of law, the plaintiff could not recover under the facts alleged." *Lowe v. Sorenson Research Co.,* 779 P.2d 668, 669 (Utah 1989). The determination of the sufficiency of Roark's complaint presents a question of law which we review for correctness, with no deference given to the trial court's ruling. *Society of Separationists, Inc. v. Taggart,* 862 P.2d 1339, 1341 (Utah 1993).

RETROACTIVE APPLICATION
OF SECTION 78–12–25.1

 Roark argues that Utah Code Ann. § 78–12–25.1 should be applied retroactively because (1) the purpose and scope of section 78–12–25.1 cannot be accomplished unless the courts apply it retroactively, and (2) it is procedural in nature and does not alter any vested rights. Crabtree responds that the legislature did not intend section 78–12–25.1 to apply retroactively and, moreover, that this section is not procedural in nature and affects his vested rights. Specifically, he maintains that his right to plead a defense of statute of limitations is a vested right which cannot be impaired without denying him due process of law. We address each of Roark's contentions in turn.

*Legislative Intent*

Roark maintains that the legislative history of section 78–12–25.1 reveals that "the legislature expressly intended to provide a means whereby adult survivors of sexual abuse could recover for sexual abuse which occurred before the statute was enacted." Crabtree disagrees, arguing that the legislature specifically intended section 78–12–25.1 not to operate retroactively.

"It is a long-standing rule of statutory construction that a legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively unless the legislature has clearly expressed that intention." *Madsen v. Borthick,* 769 P.2d 245, 253 (Utah 1988) (citing *Schultz v. Conger,* 755 P.2d 165, 166 (Utah 1988); *Stephens v. Henderson,* 741 P.2d 952, 953–54 (Utah 1987); *Pilcher v. State,* 663 P.2d 450, 455 (Utah 1983); *State v. Higgs,* 656 P.2d 998, 1000 (Utah 1982); *Union Pac.R.R. v. Trustees, Inc.,* 8 Utah 2d 101, 104, 329 P.2d 398, 399 (1958); *McCarrey v. Utah State Teachers' Retirement Bd.,* 111 Utah 251, 253, 177 P.2d 725, 726 (1947); *In re Ingraham's Estate,* 106 Utah 337, 339, 148 P.2d 340, 341–42 (1944); *Farrel v. Pingree,* 5 Utah 443, 448, 16 P. 843, 845 (1888)). This rule of construction is codified in Utah Code Ann. § 68–3–3.

We initially note that section 78–12–25.1 contains no express declaration of retroactivity. Moreover, an examination of the legislative history of section 78–12–25.1 reveals that the legislature did not intend for this section to apply retroactively. Prior legislative drafts of section 78–12–25.1 contained a retroactive provision. However, when the bill was subsequently passed, this provision had been deleted.[5] Additionally, during debate on the House floor, the sponsor of the bill, Representative Moran, stated, "I'm advised that in the case where a statute of limitations changed, it takes effect on cases after that." And when specifically asked if it was his intent that offenses which occurred prior to

---

child, until four years after discovery of the sexual abuse in those cases in which a person discovered the sexual abuse only after attaining the age of eighteen years. Utah Code Ann. § 78–12–25.1(2)(b). Thus, Roark's contention that this section created a new cause of action fails. The only viable issue on appeal is whether section 78–12–25.1 can be applied retroactively.

**5.** The Office of Legislative Research and General Counsel sent a memorandum to the sponsors of the bill, Representatives Julander, Milner, and Moran, which outlined the constitutional dangers of including a retroactive provision in the bill. Letter from Lisa Watts, Associate General Counsel, Office of Legislative Research & General Counsel, to Representative Paula Julander, Utah House of Representatives (June 13, 1991) (on file with author).

the effective date of this bill not be covered by this new statute of limitations, Representative Moran answered affirmatively. Finally, Representative Valentine questioned, "If we pass this bill, now, does that mean that some event that occurred 40 or 50 years ago, even though under our present statute would not be actionable, now becomes actionable?" Representative Moran's response was "No, this begins now." Similarly, the co-sponsor of the bill, Representative Julander, explicitly stated, "This [bill] is not retroactive."

We are unable to find any support for Roark's position that the legislature intended section 78–12–25.1 to apply retroactively. To the contrary, there is ample support for the position that the legislators were aware of the problems with retroactive application and chose to avoid these problems by having this section apply prospectively. Accordingly, Roark's argument that section 78–12–25.1 should be applied retroactively on the strength of its legislative history fails.

*The Nature of Section 78–12–25.1*

■ Roark next argues that "even absent the plain legislative history, Section 25.1 applies retroactively because it is a procedural statute." There is a recognized exception to the general rule against retroactivity for statutes which are procedural in nature. *Pilcher v. State*, 663 P.2d 450, 455 (Utah 1983). However, this exception has been narrowly construed to permit retroactive application "where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights," *id.*, and to prohibit retroactivity when a statute enlarges, eliminates, or destroys vested or contractual rights. *Board of Equalization v. Utah State Tax Comm'n ex rel. Benchmark, Inc.*, 864 P.2d 882, 884 (Utah 1993); *State v. Higgs*, 656 P.2d 998, 1000 (Utah 1982). Consequently, the question before us is whether the defense of statute of limitations is a vested right. Phrased differently, can a claim which was barred under the then-applicable statute of limitations be revived by a subsequent extension of the limitation period?

This court first examined retroactive revival of a time-barred civil action in *Ireland v.*

*Mackintosh,* 22 Utah 296, 61 P. 901 (1900). In *Ireland,* the plaintiff sued to recover on a promissory note. At the time the note was executed and came due, the applicable statute of limitations was four years. However, the legislature subsequently changed the period of limitation to six years. The plaintiff commenced his suit five and one-half years after the note was due. He conceded that his claim was barred under the prior statute of limitations but asserted that by increasing the statute of limitations to six years, the legislature revived his previously barred claim.

In a unanimous opinion, this court held that subsequent passage of an act increasing the period of limitation could not operate to affect or renew a cause of action already barred. Specifically, the court stated that when the plaintiff's right of action "became barred under the previous statute, the respondent acquired a vested right, in this state, to plead that statute as a defense and bar to the action." *Id.* at 310, 61 P. at 904.

Since 1900, this court has consistently maintained that the defense of an expired statute of limitations is a vested right. In *In re Swan's Estate,* 95 Utah 408, 415, 79 P.2d 999, 1002 (1938), this court relied on *Ireland* to hold that a subsequently amended statute of limitations could not operate retroactively to revive a claim for back taxes which was barred under the prior period of limitation. In *Greenhalgh v. Payson City,* 530 P.2d 799, 802 n. 14 (Utah 1975), this court again stated that once a party acquired a defense based upon an expired statute of limitations, that defense could not be impaired or affected by subsequent legislation extending the limitation period. Finally, in *Del Monte Corp. v. Moore,* 580 P.2d 224, 225 (Utah 1978), the court allowed the extension of the statutory period of limitation only because the original cause of action was still alive when the statute of limitations was amended. However, the court reiterated its firm stance that when "the statute has run on a cause of action, so that it is dead, it cannot be revived by any ... statutory extension." *Id.; see also Dansie v. Anderson Lumber Co.,* 878 P.2d 1155,

1160 (Utah Ct.App.1994) (noting the protections of statutes of limitations).

In refusing to allow the revival of time-barred claims through retroactive application of extended statutes of limitations, this court has chosen to follow the majority rule. *See, e.g., Davis & McMillan v. Industrial Accident Comm'n,* 198 Cal. 631, 246 P. 1046, 1048 (1926); *Corbett v. General Eng'g & Mach. Co.,* 160 Fla. 879, 37 So.2d 161, 162 (1948); *Spitcaufsky v. Hatten,* 353 Mo. 94, 182 S.W.2d 86, 104 (1944), *overruled on other grounds, Director of Dep't of Revenue v. Parcels of Land Encumbered with Delinquent Tax Liens,* 555 S.W.2d 293, 297 (Mo. 1977); *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E.2d 263, 265 (1949); *Dunham v. Davis,* 229 S.C. 29, 91 S.E.2d 716, 718–19 (1956). "[T]he great preponderance of authority favors the view that one who has become released from a demand by the operation of the statute of limitations is protected against its revival by a change in the limitation law." 51 Am.Jur.2d *Limitation of Actions* § 44 (1970). Accordingly, "after a cause of action has become barred by the statute of limitations the defendant *has a vested right to rely on that statute as a defense* . . . which cannot be taken away by legislation . . . or by affirmative act, such as lengthening of the limitation period." *Id.* (emphasis added).

Accordingly, we conclude that as of December 1, 1976, when Roark turned eighteen years old, she had one year within which she could have brought a claim for assault and battery and four years in which to bring her claim for intentional infliction of emotional distress. Utah Code Ann. §§ 78–12–25(3), –29(4). Any claims arising out of the alleged sexual abuse had to be filed no later than December 1, 1980. Roark failed to do so. Consequently, her claims are barred by the then-applicable statutes of limitations. Because applying section 78–12–25.1 retroactively to the present claim would affect Crabtree's vested right to a defense of statute of limitations, the effects of this section are not merely procedural, and therefore, this section cannot be applied retroactively.

## CONCLUSION

On the basis of the foregoing, we hold that the trial court correctly concluded that (1) any and all causes of action which Roark may have had were time barred no later than December 1, 1980, and (2) Utah Code Ann. § 78–12–25.1 cannot be applied retroactively to revive Roark's time-barred claims. Accordingly, we affirm.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.